## CURTIS et al. v. DADE COUNTY SECURITY CO. et al.

Circuit Court of Appeals, Fifth Circuit. January 22, 1929.

Rehearing Denied February 19, 1929.

No. 5296.

J. Walter Kehoe, John M. Murrell, and Herbert U. Feibelman, all of Miami, Fla., and Sol Weiss of New Orleans, La. (Harold Kassewitz, John M. Murrell, and Herbert U. Feibelman, all of Miami, Fla., on the brief), for appellants.

Lewis Twyman and A. L. McCarthy, both of Miami, Fla., for appellees Dade County Security Co. and Chase.

William M. Evarts, of New York City, and R. F. Burdine, of Miami, Fla. (Murray, Aldrich & Roberts, of New York City, on the brief), for appellee Equitable Trust Co. of New York.

Fred H. Davis, Atty. Gen. of Florida,

and James M. Carson, of Miami, Fla. (E. B. Kurtz, of Miami, Fla., on the brief), for appellee Amos.

Before WALKER and FOSTER, Circuit Judges, and BORAH, District Judge.

WALKER, Circuit Judge. This is an appeal from an order dismissing an involuntary petition filed by the appellants to have the appellee Dade County Security Company (herein called the Company) adjudged bankrupt. The petition as it was amended, after alleging that the Company is "a moneyed business or commercial corporation, organized and existing under the laws of the state of Florida, and is not a municipal, railroad, insurance or banking corporation," that appellants are creditors of the Company, having provable claims against it, amounting in the aggregate to a stated sum, and that none of appellants is entitled to priority or has received a preference, contained allegations to the following effect:

The nature and amount of appellants' claims are as follows: Money deposited with the Company by each appellant from time to time aggregating sums stated; that such deposits were accepted by the Company as payments towards the purchase of stock in the company; that such deposits under the laws of Florida were subject to withdrawal at any time upon demand of appellants, but by reason of the insolvency of the Company it has, prior to the filing of the petition, become unable to honor the deposits of appellants and others similarly situated, dollar for dollar, and that more than 60 days prior to the date of the filing of the petition appellants gave to the Company notice of withdrawal from it to its board of directors in the manner and within the time required by law and the Company's by-laws, and the Company failed or refused to honor said withdrawals before the filing of the petition and after the expiration of the 60-day period as provided by statutes of Florida.

It is to be inferred, from allegations of the petition as it was amended, that the Company is a building and loan association organized under the laws of Florida (Compiled General Laws of Florida 1927, § 6151 et seq.), and it is disclosed that the claims of the appellants are based upon their relation to the Company as stockholders and upon the law applicable to such relation. The allegations of the amended petition show that the maintenance of it involved the proposition that the described liabilities or obligations of the Company to appellants and other stockholders similarly situated are "debts" of the Company, within the meaning of the following provision of Bankruptcy Act, § 1a(15):

"When Person Deemed Insolvent. A person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, exclusive of any property which he may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay his creditors, shall not, at a fair valuation, be sufficient in amount to pay his debts." 11 USCA § 1(15).

Rights possessed by one by reason of his relation to a corporation as a stockholder do not make him a creditor of the corporation, and liabilities of a corporation to its stockholders on account of their stock are not debts of the corporation, within the meaning of the above-quoted provision. Under that provision a corporation is not deemed insolvent whenever the aggregate of its property, exclusive of that mentioned, shall not, at a fair valuation, be sufficient to pay, not only what is owing by it to those between whom and the corporation the relation of creditor and debtor exists, but what was contributed to it by its stockholders on account of their stock and under the plan of the corporate organization or the agreement between the corporation and its stockholders was made subject to be withdrawn under stated conditions and upon compliance with prescribed requirements. The language of that provision indicates that the lawmakers in enacting it had in mind, in the case of a corporation, such an insufficiency of assets that nothing is left for distribution to corporate stockholders as such. Sjoberg v. Security Savings & Loan Ass'n, 73 Minn. 203, 75 N. W. 1116, 72 Am. St. Rep. 616; Missouri Valley Cattle Loan Co. v. Alexander (C. C. A.) 276 F. 266; Towle v. American Bldg., Loan & Inv. Soc. (C. C.) 61 F. 446; Collier on Bankruptcy (13th Ed.) 1216.

The right of a stockholder in a Florida building and loan corporation to withdraw the amount paid in by him on stock is dependent upon the existence of funds by law or by action of the directors made applicable to the payment of withdrawing stockholders. Laws of Florida 1927, c. 11865, § 14. A stockholder has no enforceable right to withdraw until such a fund accrues. Continental National Building & Loan Association v. Miller, 44 Fla. 757, 33 So. 404. The petition does not show that such a fund

had accrued when the petition was filed. Under the just-cited decision, the right of the appellants to withdraw what had been paid on their stock had not matured when the petition was filed.

But, whether appellants did or did not, as between themselves and the Company or its other stockholders, have the right to withdraw what they had paid in on their stock, their claims, based on their relation to the Company as stockholders, are not "debts" within the meaning of the above set out provision of the Bankruptcy Act. It may be assumed, without being decided, that a Florida building and loan corporation is subject to be adjudged bankrupt under an involuntary petition. It is not subject to be so adjudged, unless it is insolvent within the meaning of the above set out provision of the Bankruptcy Act. The allegations of the amended petition are consistent with the conclusion that the aggregate of the property of the Company, exclusive of that mentioned in the above-quoted statute, is, at a fair valuation, sufficient to pay all demands against it, other than such as are based on provisions of the law or agreement governing the relations between the Company and its stockholders as to the repayment to stockholders of amounts of money paid by them to the Company on their stock. We are of opinion that those allegations do not show that at the time the petition was filed the Company was insolvent within the meaning of the statute. It follows that the court did not err in dismissing the petition.

The order to that effect is affirmed.