477

## In re ARCADIA FURNITURE CO.

### In re WALKER.
### No. 6241.

District Court, W. D. Michigan, S. D.
Sept. 19, 1935.

Warner, Norcross & Judd, of Grand Rapids, Mich., for debtor company.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., for claimant.

RAYMOND, District Judge.

In proceedings under 77B of the Bankruptcy Act (11 USCA § 207), the special master denied the petition of Fred Walker whereby he claimed the status of a creditor and the right to allowance of a claim of $7,020 for alleged fair and reasonable value of 450 shares of preferred stock in debtor company which matured October 1, 1934. A demand for payment had been made by him upon debtor on October 9, 1934, several months prior to the date of filing the petition for reorganization. The special master found that claimant has no rights or interests in the assets of debtor beyond those of any other stockholder of the same class. The matter is before the court upon petition for review. The sole question is whether claimant must be relegated to the same position as other matured preferred stockholders, or whether, because of demand for payment after maturity and his refusal to join the other preferred stockholders in approval of the proposed plan, he is entitled to have his claim allowed as that of a creditor.

Under the present Michigan statute (Comp. Laws Supp. 1933, § 10135-37),

there is no question that on October 1, 1934, claimant and all other preferred stockholders became entitled to claim the par value of preferred stock held by them together with accumulated dividends. Careful search of the authorities fails to reveal any case in proceedings under the Bankruptcy Act in which preferred stockholders similarly situated have been accorded the rights of creditors in the generally accepted sense. See Vanden Bosch v. Michigan Trust Co. (C. C. A.) 35 F. (2d) 643; Bryan v. Welch (C. C. A.) 74 F.(2d) 964; Curtis v. Dade County Security Co. (C. C. A.) 30 F.(2d) 325; In re Puget Sound Savings & Loan Ass'n (D. C.) 49 F.(2d) 922; and In re Eureka Anthracite Coal Co. (D. C.) 197 F. 216. In any event, the court is of opinion that petitioner's asserted right to the status of creditor must be denied because of the definitions contained in section 77B (b) (10), 11 USCA § 207 (b) (10), as follows: "The term 'creditors' shall include for all purposes of this section and of the reorganization plan, its acceptance and confirmation, all holders of claims of whatever character against the debtor or its property, including claims under executory contracts, whether or not such claims would otherwise constitute provable claims under this title. The term 'claims' includes debts, securities, other than stock, liens, or other interests of whatever character." The exclusion of *stock* in the definition of the term "claims" makes reasonably clear the intention of Congress. Whatever change in the status of claimant as preferred stockholder may have resulted from maturity and demand for payment, the effect was not to bring him within the classification of "creditor." This view is sustained by statement of the Circuit Court of Appeals of the Seventh Circuit in the recent case of In re Piccadilly Realty Co., 78 F.(2d) 257, 261, wherein, after quoting the language of the statute, it is said: "If this does not mean that corporate stock shall not be the basis of any 'claim' whereon to commence proceedings under that section, we are at loss to understand what it does mean. Our best judgment of its meaning is that stock in a corporation, regardless of its statutory or stipulated rank, privileges of any claim, or limitation, cannot be the basis for the invocation of section 77B, and therefore matured corporate promises to retire or pay corporate stock cannot be considered corporate debts in a proceeding under 77B."

The order of the special master is therefore affirmed, and an order will be entered accordingly.