NATIONAL FIRE INSURANCE COMPANY OF HARTFORD *v.* THOMPSON, SUPERINTENDENT OF THE INSURANCE DEPARTMENT OF MISSOURI, ET AL.

No. 104. Argued January 16, 1930.—Decided April 14, 1930.

*Mr. Robert J. Folonie,* with whom *Messrs. John S. Leahy, William S. Hogsett,* and *Ashley Cockrill* were on the brief, for appellant.

*Messrs. Floyd E. Jacobs* and *John T. Barker,* with whom *Messrs. Stratton Shartel,* Attorney General of Missouri, and *G. C. Weatherby,* Assistant Attorney General, were on the brief, for appellees.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This is one of 155 suits brought by stock insurance companies to have § 6283, Revised Statutes of Missouri, 1919, adjudged invalid and to restrain the enforcement of an order of the state superintendent of insurance promulgated October 9, 1922, on the ground that the section and order are repugnant to the due process and equal protection clauses of the Fourteenth Amendment. In each case there was an application to a court of three judges for an interlocutory injunction. 28 U. S. C., § 380. It was denied, without prejudice to renewal upon condition specified, in 114 cases of which this is one, and it was granted in 41 cases. 34 F. (2d) 185. This is an appeal from the denial of plaintiff's application. 28 U. S. C., § 345(3).

Section 6283 provides:

" The superintendent of insurance . . . is hereby empowered to investigate the necessity for a reduction of rates, and if, upon such investigation, it appears that the result of the earnings in this state of the stock fire insurance companies for five years next preceding such investigation shows there has been an aggregate profit therein in excess of what is reasonable, he shall order such reduction of rates as shall be necessary to limit the aggregate collections . . . to not more than a reasonable profit. Any reduction ordered . . . shall be applied subject to his approval: *Provided,* that the superintendent of insurance shall designate the class or classes to which the reduction shall be applied if the companies do not, within thirty days from the order of reduction, submit a class or classes which meet his approval. . . ."

Section 6284 provides that the orders of the superintendent shall be reviewable by the courts, that upon such review the entire matter shall be determined *de novo,*

and that while it is pending insurers shall not charge any rate in excess of that fixed by the superintendent.

January 5, 1922, the superintendent had directed that rates on all fire, lightning, hail and windstorm insurance be reduced 15 per cent. The plaintiff and other stock insurance companies doing businss in Missouri brought a joint suit in the circuit court of Cole county to enjoin the enforcement of that order. Temporary restraint was granted. The attorneys for the respective parties entered into a stipulation reciting that the superintendent had revoked the rate order and agreeing that there be entered of record in the case an order in substance as follows:

The case is dismissed and the restraining order dissolved.

The superintendent may call a hearing to investigate the necessity for a rate reduction; the companies will produce evidence required by him or that they may see fit to present; at the conclusion of the hearing he will make findings of fact and announce his determination thereon, and he shall also make certain specified findings.

If based on such findings and determination, an order be made reducing rates, it will apply alike to all classes of risks and, if dissatisfied, the companies will proceed to secure a review of the order in the circuit court of Cole county.

No injunction to restrain the reduction shall be applied for; but, pending such review and until final determination of the case, the rates in force prior to the making of the order will be collected by the companies and they will "give bond, conditioned and in such amount as the court may direct, to refund to the assured any excess of premiums collected by them if such order . . . be finally sustained by decree or judgment of a court of last resort."

The question of the constitutionality of §§ 6283 and 6284 will not be raised nor will the legality of the hearing provided for be questioned.

October 9, 1922, the superintendent made the order that is the subject of this suit. It directed that, effective November 15, rates be reduced 10 per cent. November 10, plaintiff and other companies brought the matter before the court named in the stipulation for review. Upon the requirement of the court they executed a bond for the use of those to whom insurance policies might be issued by them prior to final decree. That court held the rates confiscatory and set aside the order. Its judgment was reversed in the state supreme court. 315 Mo. 113. The case was brought here and, January 3, 1928, was dismissed on the ground that no federal question was presented. *Aetna Insurance Co.* v. *Hyde*, 275 U. S. 440.

February 1, 1928, the superintendent designated the classes of risks to which the reduction should be applied, and thereupon this suit was commenced. The district court found the stipulation valid and that under it plaintiff, and other companies in whose behalf it was made, had collected rates in excess of those prescribed and had failed to refund. On that ground the court denied plaintiff's application, but without prejudice to renewal after repayment.

Plaintiff contends that the stipulation made in the earlier case by the attorneys for all the companies cannot operate against it in this case. The stipulation shows that when it was made another rate reduction was contemplated. All its provisions, except the one dismissing the review then pending, relate to procedure to be followed in making the reduction and for review. In lieu of the rule that during the pendency of the review insurers should not charge any rate in excess of those fixed

by the superintendent (§ 6284), it was arranged that the rates existing prior to the order should continue to be charged until final determination of the case. The companies were to give a bond to be fixed by the court to secure refund should the reduction finally be sustained. It is clear that the stipulation was intended to apply to the subsequent order and to any review of it.

But plaintiff insists that the stipulation contains no promise to refund. The pertinent language is quoted above. The stipulation and order constituted the only basis of the companies' right to continue to collect the higher premiums. When read having regard to the circumstances and context, the quoted language reasonably may be construed to be a promise by each company to return to its policy holders the excess charges paid by them pending final determination of the validity of the reduction.

Plaintiff claims that the superintendent failed to make the specified findings and so relieved it from any obligation under the stipulation. An affidavit filed in support of its motion for temporary injunction states that the superintendent did not make these findings. The order is not in the record. The plaintiff failed to present the findings that were made. There is no showing that the companies produced the information called for by the superintendent or that he was not lawfully excused from making such findings. We may notice the record of that case in this court.* 275 U. S. 440. The order is there

---

*Butler* v. *Eaton,* 141 U. S. 240, 243. *Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31, 38. *Washington & Idaho R'd.* v. *Coeur D'Alene Ry.,* 160 U. S. 101. *Craemer* v. *Washington,* 168 U. S. 124, 129. *Bienville Water Supply Co.* v. *Mobile,* 186 U. S. 212, 217. *Dimmick* v. *Tompkins,* 194 U. S. 540, 548. *Fritzlen* v. *Boatmen's Bank,* 212 U. S. 364, 370. *de Bearn* v. *Safe Deposit Co.,* 233 U. S. 24, 32. *Freshman* v. *Atkins,* 269 U. S. 121, 124. *United States* v. *California Canneries,* 279 U. S. 553, 555. *Cf. Pickford* v. *Talbott,* 225 U. S. 651, 654.

fully set forth. It states that the companies refused to furnish the superintendent the necessary facts and that accordingly such findings could not be made. Clearly plaintiff's showing is not sufficient to require the court to find that the superintendent was not excused by the companies' refusal to furnish information as agreed.

Plaintiff contends that the collection of the higher rates was not made pursuant to the stipulation. It does not appear whether, in addition to prescribing the bond, the court authorized the collection of higher premiums until final determination of the validity of the reduction. The stipulation was sufficient to support such an order, and there is nothing in the record to require a finding that one was not made. See *State ex rel. Hyde* v. *Westhues,* 316 Mo. 457, 466. In view of the requirement of § 6284 that pending review insurers shall not charge more than the reduced rates and in the absence of any other disclosed authority to continue to exact the higher premiums, it is right to attribute the excess charges to the promise to refund.

Plaintiff lays much emphasis upon the fact that it will suffer irreparable loss if compelled to apply the lower rates during the litigation and the order is finally held unlawful, whereas, if the temporary injunction be granted, policy holders may be protected by an appropriate provision in the decree. *Ohio Oil Co.* v. *Conway,* 279 U. S. 813, 815. But, in respect of plaintiff's right to have a temporary injunction, its position is not as good as it would have been if this suit had been brought when the rate order was passed. As against the joint attack the reduction has been sustained by the court of last resort. Plaintiff has not repaid the policy holders. It now assails the statute as well as the order and seeks again to prevent the taking effect of the prescribed rates. The retention of the higher premiums that it obtained by means of the stipulation and the denial of its promise to

338

refund are facts properly to be considered. Courts of equity frequently decline to interfere on behalf of a complainant whose attitude is unconscientious in respect of the matter concerning which it seeks relief. *Deweese* v. *Reinhard*, 165 U. S. 386, 390. While the rule which plaintiff invokes is one of general application, it cannot be said that the lower court erred in withholding relief until plaintiff makes good its promise to refund.

Plaintiff contends that, as the companies failed to submit, and the superintendent until February 1, 1928, did not designate the classes to which the reduction should be applied (§ 6283), the lower rates did not take effect until that time. But by the stipulation the parties agreed that such order should apply to all classes alike. That was a sufficient designation in advance. And the promise to refund, the bringing of the suit to review the reduction and the giving of the bond all support the view that, as to the companies making the stipulation, the rate reduction was then consummated. The court's imposition of the condition that excess premiums collected from November 15, 1922, be repaid is not without adequate support.

A decree of the district court denying an interlocutory injunction will not be reversed unless shown to be contrary to some rule of equity or the result of an improvident exercise of judicial discretion. *Meccano, Ltd.*, v. *John Wanamaker*, 253 U. S. 136, 141. *Chicago Great Western Ry.* v. *Kendall*, 266 U. S. 94, 100. Applying that rule we find no adequate ground for reversal.

*Decree affirmed.*