### In re GUARANTY BUILDING & LOAN ASS'N.

#### No. 15807.

District Court, S. D. California, Central Division.

April 15, 1931.

Bryan, Button & Cummins, of Hollywood, Cal., and Holbrook, Taylor, Tarr & Horton and O'Melveny, Tuller & Myers, all of Los Angeles, Cal. (A. Ronald Button, of Hollywood, Cal., and W. Sumner Holbrook and Louis W. Myers, both of Los Angeles, Cal., of counsel), for bankrupt.

Joseph L. Lewinson, Kyle Z. Grainger, Gold, Quittner & Kearsley, and Russell B. Seymour, all of Los Angeles, Cal. (A. S. Gold, of Los Angeles, Cal., of counsel), for creditors.

COSGRAVE, District Judge.

The motion to dismiss directed against the involuntary petition in bankruptcy is granted.

The involuntary petition in bankruptcy was filed on December 13, 1930, and petition for appointment of temporary receiver in bankruptcy was filed at the same time. A day or two subsequent thereto petition was filed for a receiver in equity. The magnitude of the matters at issue, being the affairs of the Guaranty Building & Loan Association, affecting more than 22,000 depositors in that institution whose deposits exceeded twenty millions of dollars, assumed serious proportions. The entire community sought its best and safest business counsel as to the best method of meeting the emergency, it being generally understood that heavy losses would be suffered by the depositors. The best talent the city afforded was sought to lighten the loss so evidently faced by the thousands of depositors in the institution. The result was that a receiver in equity was by almost unanimous consent deemed the wisest plan, and such receiver was appointed as the best method, in the first place to insure public confidence, and, second, at a minimum of expense to save what could be saved from the wreck of the institution.

A receiver in equity was appointed who, it was expressly stated on the hearing of this motion, has fulfilled in generous measure the expectations entertained at the time of his appointment. The receiver has vigorously prosecuted the duties of his trust; has rejected all unprofitable elements, vigorously asserted his rights to everything that promised return, and has already announced a plan by which an economical settlement of the affairs of the association may be had. So far as this court is advised, such plan is approved by the shareholders and depositors with the exception of some half dozen of the entire 22,000 that have appeared in support of the involuntary petition in bankruptcy on the hearing of this motion. From December 19, 1930, being the date of the appointment of the receiver in equity, to March 12, 1931, almost three months, no dissent of the equity receivership plan was voiced by any creditor of the Guaranty Building & Loan Association.

Objection is made to the sufficiency of the petition itself, and brief mention will be made of the grounds of this objection. In the first place the creditors named in the involuntary petition are claimed to be such by reason of their being holders of investment certificates and of being what might be called passbook creditors. It is claimed on behalf of those named as creditors in the involuntary petition that their character as creditors is established in this circuit by decision of the Circuit Court of Appeals in the matter of the Continental Building & Loan Association, 232 F. 828. It is undeniable that the decision holds a building and loan association of a character similar to the one under consideration here is subject to bankruptcy, and that shareholders therein, in which term I include all of the petitioners in the involuntary petition, are creditors with the right to vote for a trustee in bankruptcy. The inquiry of the Circuit Court is thus expressed: "We therefore inquire whether the referee was correct in ruling that the stockholders were creditors entitled to vote for a trustee." 232 F. page 831. Doubt, however, is expressed by the court as to whether jurisdiction exists when the petition, upon which the order of adjudication was based, named as creditors only those who were merely shareholders. My study of

the case convinces me that this doubt is expressed because the court does not decide that shareholders, prior to adjudication in bankruptcy, are clothed with the character of creditors sufficiently to entitle them to be deemed the basis on which the adjudication rests, and the reference in the decision to Central Trust Co. v. Chicago Auditorium Association, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580, confirms this opinion. They become invested with the character of creditors upon the adjudication in bankruptcy which is the equivalent of an anticipatory breach of an executory contract.

In the brief time allowed for the consideration of the matter presented, my study of the decision of the Circuit Court of Appeals leads me to believe that the doubt expressed as to the jurisdiction when only creditors, being such by reason of their character as shareholders, are considered, means that until the adjudication in bankruptcy they do not have such character and consequently cannot be deemed creditors for the purpose of filing an involuntary petition. If this supposition is correct, then an involuntary petition joined in by those who are creditors only by reason of their being members of the association is insufficient.

■ With reference to what I term passbook creditors, it appears by provisions of the act under which the association exists that the passbook is recognized only as evidence of purchase of shares in the association, and both classes of the creditors mentioned in the petition therefore stand upon the same footing.

■ The acts of bankruptcy, in my judgment, are insufficiently stated. The first act charges the taking possession of the association by Charles A. Whitmore, building and loan commissioner, as a receiver or trustee and the appointment of a custodian. No presumption can be indulged on this score, because, by the provisions of the Building and Loan Commission Act of the state of California (St. 1911, p. 607, as amended), such proceeding may be had when several contingencies arise, one of which is the violation of the laws of the state provided for the government of similar institutions and the refusal on the part of the association to comply with the orders of the commissioner with respect thereto.

■ Another act of bankruptcy is the alleged preference of certain creditors while insolvent, but this act is alleged wholly in general terms and is therefore held insufficient. This, I believe, was admitted on the hearing. The third act charges defalcations by employees, but no participation on the part of the corporation is charged. This, it seems to me, is not an act of bankruptcy.

My conclusions therefore are that the motion to dismiss is well founded. While the shareholders have the character of creditors, they do not become such until the adjudication in bankruptcy, and therefore are not qualified petitioners; that the acts of bankruptcy are insufficiently charged.

The motion to dismiss should be granted, and it is so ordered.