## HATCH v. MOROSCO HOLDING CO., Inc.

District Court, S. D. New York.
Jan. 28, 1932.

See, also, 296 F. 516; 34 F.(2d) 579; 50 F.(2d) 138.

Ernst, Gale & Bernays, of New York City, for receiver.

Geo. Z. Medalie, U. S. Atty., and Harry G. Herman, Asst. U. S. Atty., both of New York City, and Albert T. Clark, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for the United States.

CAFFEY, District Judge.

It is curious that considerably more than a hundred years after its enactment the meaning of a general statute, of frequent application, should be in serious controversy. Yet that is what is involved on this motion. If there were available time I should like to discuss the subject fully. In view, however, of the importance of disposing of the matter promptly, my comment will be somewhat summary.

■ This court may take notice of its own records. National Fire Ins. Co. v. Thompson, 281 U. S. 331, 336, 50 S. Ct. 288, 74 L. Ed. 881. It happens that since 1929 I have been in charge of the present case, in which the receiver for the defendant was appointed in 1923. Parts of the files, which have been brought to my attention in the course of performing my duties heretofore indicate, and I am convinced, that when suit was brought the defendant was solvent. Cf. In re Morosco Holding Co., Inc.. (D. C.) 296 F. 516. For the purpose of the motion, therefore, I shall assume this to be a fact, although, if the government had requested opportunity to litigate the issue as to whether, despite the showing in the record to the contrary, the defendant was actually insolvent at the beginning of the receivership, I should perhaps feel that I ought to send the matter to a special master for hearing and report.

If the government be entitled to a priority, the right does not rest on sovereign prerogative, but is founded entirely on Rev. St. § 3466 (31 USCA § 191). United States v. State Bank of North Carolina, 6 Pet. 29, 35, 8 L. Ed. 308; Price v. United States, 269 U. S. 492, 499, 46 S. Ct. 180, 70 L. Ed. 373. Cf. Spokane County v. United States, 279 U. S. 80, 92, 49 S. Ct. 321, 73 L. Ed. 621.

Under Rev. St. § 3466, to establish priority, one of the conditions therefor prescribed in the second branch of the section must be shown. These conditions, so far as now pertinent, are (1) insolvency in the bankruptcy sense, coupled with a voluntary assignment, and (2) commission of an act of bankruptcy. This was conceded by counsel at the argument, and is borne out by the authorities. United States v. Oklahoma, 261 U. S. 253, 259–263, 43 S. Ct. 295, 67 L. Ed. 638; Nolte v. Hudson Nav. Co. (C. C. A.) 8 F.(2d) 859, 865, 866; Cf. Bramwell v. United States Fidelity & Guaranty Co., 269 U. S. 483, 488, 489, 46 S. Ct. 176, 70 L. Ed. 368.

■■ One feature of the issue turns on the appointment of the receiver having been by

consent of the defendant. It is clear that consent to a receivership does not constitute an act of bankruptcy [Nolte v. Hudson Nav. Co. (C. C. A.) 8 F.(2d) 859, 866; cf. United States v. Middle States Oil Corporation (C. C. A.) 18 F.(2d) 231, 235–238, 57 A. L. R. 848, and In re Guardian Building & Loan Association (D. C.) 53 F.(2d) 412, 415], but that, within the meaning of the statute, it is the legal equivalent of a voluntary assignment [Price v. United States, 269 U. S. 492, 500, 46 S. Ct. 180, 70 L. Ed. 373; United States v. Butterworth-Judson Corp., 269 U. S. 504, 513, 514, 46 S. Ct. 179, 70 L. Ed. 380]. In consequence, the whole question is finally resolved exclusively into whether or not there was insolvency, within the requirement of the first clause of the second branch of the section.

█ Insolvency did not exist at the inception of the receivership in 1923. It did exist, however, when the government's claim was allowed in 1929, and it has continued ever since. We are therefore to determine whether insolvency which comes about only during the receivership—that is, was nonexistent at the commencement, but arose before the termination of the receivership—entitles the government to priority. So far as I can discover the question has not been squarely determined, and I am somewhat in doubt what the answer should be.

In Price v. United States, 269 U. S. 492, 46 S. Ct. 180, 70 L. Ed. 373, the chief thing decided and dwelt on was that, within Rev. St. § 3466, taxes are debts. With a single exception, the facts are substantially identical with the facts of the case at bar. There, as here, the receivership was by consent upon a bill which alleged solvency of the defendant. In that case a temporary receiver was appointed on October 2, 1923. This was the day on which suit began and on which an answer, admitting the allegations of and joining in the prayer of the bill, was filed (pages 498, 499 of 269 U. S., 46 S. Ct. 180). On January 9, 1924, more than three months later, a permanent receiver was appointed. "Thereupon," as recited in the opinion (page 499 of 269 U. S., 46 S. Ct. 180), "the assets were found insufficient to pay all the claims"; there being available enough only for a dividend not exceeding 40 per cent. It was further said (page 502 of 269 U. S., 46 S. Ct. 180, 182): "While in effect the complaint alleged that defendant was solvent, the facts set forth indicate that it was in a failing condition. And it was found to be insolvent with-

in a short time after the appointment of the receiver." Upon this statement, it was held that the government was entitled to priority. While the point was not emphasized, or even specifically talked about, I think the ruling cannot be construed otherwise than that, even though a defendant in a consent receivership be solvent at the start, insolvency three months thereafter, during the receivership, satisfies the insolvency requirement of Rev. St. § 3466, as a condition of government priority. If so, I must follow it. Despite the manifest differences of detail, the holding, where insolvency appeared "within a short time after the appointment of the receiver," governs where, as in the case at bar, insolvency began a substantially longer time after the receiver was appointed but before the receivership was at an end. I can see no basis in principle for discrimination between three months and six years as the period for intervention of insolvency during the receivership.

██ Moreover, I think it must be confessed that, at best, the language of Rev. St. § 3466 is ambiguous. If so, there are two considerations which tend to sustain the interpretation I have put on the Price Case. The first is that the statute must be liberally construed in favor of the government, so as to effect the general purpose, as at common law, of according the sovereign preference, by virtue of the crown prerogative, in the collection of revenue. United States v. State Bank of North Carolina, 6 Pet. 29, 35, 8 L. Ed. 308; Bramwell v. United States Fidelity & Guaranty Co., 269 U. S. 483, 487, 46 S. Ct. 176, 70 L. Ed. 368; Price v. United States, 269 U. S. 492, 499, 500, 46 S. Ct. 180, 70 L. Ed. 373. The second is that Rev. St. § 3466 (31 USCA § 191) must be construed in pari materia with Rev. St. § 3467 (31 USCA § 192), which subjects fiduciaries to personal liability for debts due the government if they distribute assets in their hands without first paying those debts. United States v. Butterworth-Judson Corp., 269 U. S. 504, 513, 46 S. Ct. 179, 70 L. Ed. 380. Cf. Bramwell v. United States Fidelity & Guaranty Co., 269 U. S. 483, 490, 46 S. Ct. 176, 70 L. Ed. 368. Liberal interpretation of Rev. St. § 3466 alone, alike with interpretation of Rev. St. §§ 3466 and 3467 together and in harmony so as to assure collection of its debts by the government, can be certainly accomplished only by holding that Rev. St. § 3466 entitles the government to priority of payment out of the assets of a defendant in any consent receivership whenever, without regard to its date, insolvency of

the defendant occurs during the course of the receivership.

The allowance of interest on the government claim was by a previous order of this court, which has been affirmed by the Circuit Court of Appeals. It is therefore beyond my power to alter it.

Motion to deprive the government of priority denied. Settle order on two days' notice.