## UNITED STATES v. CAROLENE PRODUCTS CO.

No. 6876.

Circuit Court of Appeals, Seventh Circuit.

June 8, 1939.

Rehearing Denied July 7, 1939.

George N. Murdock, of Chicago, Ill., for appellant.

Howard L. Doyle, U. S. Atty., and Marks Alexander, both of Springfield, Ill., and William Garbose, of Washington, D. C., for the United States.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

EVANS, Circuit Judge.

On this appeal we have before us for review, a judgment against defendant, upon a verdict of guilt for violation of the Filled Milk Act, 21 U.S.C.A. §§ 61–63. The judgment imposed a fine.

Defendant was charged with unlawfully shipping, in interstate commerce, an adulterated article of food injurious to the public health, namely, filled milk, called Milnut—a combination of condensed skimmed milk to which cocoanut oil had been added. The indictment charged that the product was in imitation and semblance of milk. Defendant demurred to the indictment and the demurrer was sustained. The United States appealed. The Supreme Court held (304 U.S. 144, 58 S.Ct. 778, 785, 82 L.Ed. 1234) that "The prohibition of shipment in interstate commerce of appellee's product, as described in the indictment, is a constitutional exercise of the power to regulate interstate commerce. As the statute is not unconstitutional on its face, the demurrer should have been overruled."

Thereafter, on January 28, 1939, defendant, in the instant case, filed a motion for continuance in the District Court on the ground that it had filed a petition for an injunction in the United States District Court for the District of Columbia against the Attorney General and the Secretary of Agriculture, Carolene Products Co. v. Wallace, 27 F.Supp. 110, seeking to enjoin

them from attempting to enforce the statute involved in this case against defendant's product, Milnut. In its motion, defendant stated, "The issue in the two cases is practically the same and a decision favorable to defendant herein in that case would materially affect the trial of this case." On May 22, 1939, the Supreme Court, on an appeal from an adverse decision in the three judge suit for injunction, in a Per Curiam opinion, 59 S.Ct. 1033, 83 L.Ed. ——, held, "The motion of the appellees to affirm is granted and the order denying a temporary injunction is affirmed. Alabama v. United States, 279 U.S. 229, 231, 49 S.Ct. 266, 73 L.Ed. 675; United Fuel Gas Co. v. Public Service Comn., 278 U.S. 322, 326, 327, 49 S.Ct. 157, 158, 73 L. Ed. 402; National Fire Ins. Company v. Thompson, 281 U.S. 331, 338, 50 S.Ct. 288, 291, 74 L.Ed. 881."

The defendant herein admits the interstate character of the shipments involved and admits the contents of the product to be condensed skim milk and cocoanut oil. Its effort to avoid the recent decision of the Supreme Court, in view of its previously taken position, is not persuasive.

It, however, challenged the right of the District Court to instruct the jury that the Government need offer no proof of the injurious effect of Milnut on public health, on the theory that the statute has declared such to be the fact without proof. Defendant also asserts the lack of proof that the defendant is a corporation, although its counsel, on the opening of the case in response to a question by the court, stated, "Yes, the defendant, Carolene Products Company is a corporation organized under the law of the State of Michigan and authorized to carry on business in the State of Illinois."

It also denies that it consciously and fraudulently made its product in imitation and semblance of milk and asserts there was no proof to show that it was in imitation and semblance of milk.

The indictment is also attacked because it charges a violation of an Act of March 4, 1933 (giving the title), whereas the Filled Milk Act was enacted in 1923.

Defendant offered no evidence. The Government's evidence proved interstate character of the shipment. Its chemists stated the contents of the product to be

5.7% fat, chiefly cocoanut oil and .34% butter fat, whereas the standard fat content of evaporated milk is 7.8% butter fat. A chemist testified the defendant's product looked like a white emulsion, creamy in appearance.

From these uncontradicted facts a court or a jury would, of necessity, find that Milnut was intended to simulate milk and that it was injurious to public health because the purchaser obtained a product which looked like milk and was accepted as a milk equivalent whereas cocoanut oil had been substituted for cream or butter fat, the virtues of butter fat being well-known to a race that depends so completely on cows' milk with a minimum, fixed by law, of butter fat or cream content.

It would serve no useful purpose to reconsider the constitutionality* of the Filled Milk Act as applied by the District Court in the trial of this case. The indictment has heretofore been held valid. No prejudicial error occurred.

The judgment is affirmed.

---

* This court passed upon the constitutionality of the Act in the case of Carolene Products Co. v. Evaporated Milk Association, 7 Cir., 93 F.2d 202.