**KELLY v. JOHNSTON.**

No. 9258.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

**614**

Harry C. Kelly, in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order denying a petition for a writ of habeas corpus.

Appellant, Harry C. Kelly, was indicted on September 21, 1932, in the District Court of the United States for the Northern District of California for robbing a person having lawful charge, control and custody of mail matter and, in effecting the robbery, putting such person's life in jeopardy by the use of a dangerous weapon.[1] On September 23, 1932, appellant was arraigned, pleaded guilty and was sentenced to be imprisoned for twenty-five years. He was thereupon committed to the custody of the Attorney General, who designated as the place of appellant's confinement the United States penitentiary at Leavenworth, Kansas, whence, by order of the Attorney General, he was subsequently transferred to the United States penitentiary at Alcatraz Island, California,[2] of which appellee, James A. Johnston, is warden.

Thereafter, on April 9, 1939, appellant petitioned the District Court—the court which had sentenced him—for a writ of habeas corpus. The court issued an order requiring appellee to show cause why the writ should not issue. Appellee filed a return, appellant filed a traverse, a hearing was had, evidence was taken, findings were made, and an order was entered denying the petition. This appeal followed.

At the hearing below, appellant was represented by counsel, but was not present in person, being detained in the penitentiary. He here contends that the court should have required appellee to produce his body at the hearing. In support of his contention, appellant cites section 758 of the Revised Statutes, 28 U.S.C.A. § 458, which provides that a person to whom a writ of habeas corpus is directed shall, when making return thereof, "bring the body of the party before the judge who granted the writ." The section has no application to this case, for in this case no writ was granted. Hence, appellee was not required to produce appellant's body. Ex parte Yarbrough, 110 U.S. 651, 653, 4 S.Ct. 152, 28 L.Ed. 274; Erickson v. Hodges, 9 Cir., 179 F. 177, 179.

The petition showed on its face that appellant was indicted and arraigned, pleaded guilty, was sentenced and committed as stated above, and was detained by appellee under and by virtue of said sentence and commitment; but it alleged that such detention was unlawful because, at the time of his arraignment and plea, appellant did not have the assistance of counsel, was not asked if he wanted counsel, was not informed and did not know of his right to counsel and, therefore, could not have made an intelligent or competent waiver thereof.[3] Consequently, the petition alleged, the court which sentenced appellant had no jurisdiction.

The allegation that, at the time of his arraignment and plea, appellant did not have the assistance of counsel was conceded to be true. The allegation that appellant was not asked if he wanted counsel was untrue and was known by the court to be untrue. The court's minutes of September 23, 1932, show that on that date appellant was brought into court by the marshal, pursuant to a bench warrant issued upon the above mentioned indictment; that, being without an attorney, appellant "was asked by the

---

[1] Criminal Code, § 197, 18 U.S.C.A. § 320.

[2] Act of May 14, 1930, c. 274, § 7, 46 Stat. 326, 18 U.S.C.A. § 753f.

[3] Johnson v. Zerbst, 304 U.S. 458, 464–469, 58 S.Ct. 1019, 82 L.Ed. 1461.

court if he wanted an attorney and stated that he did not;" and that, thereupon, he was arraigned, pleaded guilty and was sentenced. The court could and did take judicial notice of its own records. Freshman v. Atkins, 269 U.S. 121, 124, 46 S.Ct. 41, 70 L.Ed. 193; Criscuolo v. Atlas Imperial Diesel Engine Co., 9 Cir., 84 F.2d 273, 275. See, also, National Fire Ins. Co. v. Thompson, 281 U.S. 331, 336, 50 S.Ct. 288, 74 L.Ed. 881.

 The allegation that appellant was not informed and did not know of his right to counsel was material only for the purpose of showing that the right was not competently and intelligently waived. On that issue, appellant had the burden of proof. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. The burden was not sustained. Appellant produced no proof. The court accordingly found, and was warranted in finding, that appellant, at the time of his arraignment and plea, "knew of his right to assistance of counsel, knew that the court would appoint counsel to assist him if he were financially unable to engage counsel, and by his acts and conduct and plea of guilty intelligently and competently waived his right to assistance of counsel for his defense."

 Appellee offered, and the court admitted in evidence, an affidavit of Harry L. Fouts, a former deputy clerk of the court, to the effect that, at the time of appellant's arraignment, appellant was informed of his right to counsel by the deputy clerk and by the judge of the court and was then and there asked by the deputy clerk and by the judge if he wanted counsel, and that appellant replied that he did not. Appellant objected to the affidavit and assigns its admission as error. As the grounds, if any, of appellant's objection do not appear in the record, this alleged error cannot be considered.

 Assuming, without deciding, that the affidavit was inadmissible, its admission was harmless. For, as said before, on the issue of waiver or non-waiver, the burden of proof was on appellant, not appellee, and appellant produced no proof. Hence, even though the affidavit had been excluded, the court would have had to find, as it did find, that appellant's right to counsel was competently and intelligently waived.

Order affirmed.