**SAVAGE et al. v. UNITED STATES DISTRICT COURT IN AND FOR SOUTHERN DISTRICT OF CALIFORNIA, CENTRAL DIVISION.**

No. 10837.

Circuit Court of Appeals, Ninth Circuit.

July 28, 1944.

Earl C. DeMoss, of Los Angeles, Cal., Ray Dumett, of Seattle, Wash., A. J. O'Connor, and Cantillon & Glover, of Los Angeles, Cal., for petitioners.

No appearance for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

PER CURIAM.

Petitioners move for leave to file a petition for writ of prohibition restraining the district court from directing the receiver of the petitioner corporation to dispose of certain real estate belonging to it. The petition contends that there was no jurisdiction for the creation of the receivership and, assuming jurisdiction, the receivership was limited to the conservation of the assets of the petitioning corporation during the period of appeal from a judgment against petitioner Savage.

The petition refers to appeals pending here from the judgment against Savage and from the appointment of the receiver. We have examined the complaint and the judgment thereon and the order appointing the receiver as appearing in the records here on the two appeals. National Fire Ins. Co. v. Thompson, 281 U.S. 331, 336, 50 S.Ct. 288, 74 L.Ed. 881. The complaint is for a receivership not pendente lite but general in character to conserve the assets of the corporation from the mismanagement of the corporation by Savage who allegedly obtained control thereof by a fraudulent breach of trust in the stock of the corporation belonging to the plaintiff filing the complaint below. The judgment establishes the trust and its breach and the order appointing the receiver is for the general administration of the business of the petitioning corporation. Hence the claim of the petition of lack of jurisdiction in the district court to appoint the receiver and the claim that the receivership was confined to the conservation of assets pending appeal, making action of the court or the receiver otherwise than in such conservation beyond the jurisdiction of the court, are not well founded.

The motion to file the petition is denied.