370

Before the Honorable William Denman, Chief Judge of the United States Court of Appeals for the Ninth Circuit.
April 6, 1949.

See also 83 F.Supp. 371.

James William Stidham, in pro. per.

DENMAN, Chief Judge.

Petitioner, a layman pleading in propria persona, heretofore filed with me as Chief Judge an application for a writ of habeas corpus. 82 F.Supp. 931. It was identical with one theretofore filed and denied in the United States District Court for the Northern District of California, of which that court and I had judicial notice. Hence no allegation therein stating the reasons for not applying to the district court under 28 U.S.C.A. § 2242 was necessary. I was satisfied that the ends of justice would be served by a further inquiry into petitioner's detention and, pursuant to 28 U.S.C.A. § 2244, I entertained the application.

In analogy with the principles established in Ex parte Clarke, 100 U.S. 399, 402, 406, 25 L.Ed. 715, I ordered the issuance of the writ, making it returnable to the United States District Court for the Northern District of California. That court, sua sponte, and without hearing, held that a circuit judge had no power to make the writ returnable to the district court and ordered its dismissal, though 28 U.S.C.A. § 2243 provides that the "court" has jurisdiction of the return, stating:

"§ 2243. Issuance of writ; return; hearing; decision

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

\* \* \* \* \* \*

"The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

\* \* \* \* \* \*

"The return and all sugggestions made against it may be amended, *by leave of court,* before or after being filed.

"The *court* shall summarily hear and determine the facts, and dispose of the matter as law and justice require." (Emphasis supplied.)

Having thus decided the issuance of the writ returnable to that court was not warranted, the district court acquired no jurisdiction to consider the application. Hence, assuming this decision to be correct,

the application remained before me. Nevertheless, though so holding I had conferred no jurisdiction on the district court, it assumed such jurisdiction and ordered the dismissal of the application addressed to me as circuit judge. This it has no power to do.

Furthermore, I had made an order accompanying the order for the issuance of the writ, ˙refusing petitioner's proposed amendment of his application showing the compliance with the requirements of 28 U.S.C.A. § 2255 for a motion to the sentencing court. One of the district court's grounds for dismissing the application was its failure to allege performance of this requirement of Section 2255. Nevertheless, though charged with knowledge that the petitioner was seeking to amend to comply with its holding, that court gave him no leave˙ to amend, but held "the proceeding ordered terminated and dismised." And this although Section 2244 empowers the district court to consider a second application containing such "new ground" for its consideration.

A further ground of that court for dismissing the application was that it was before a circuit judge and contained no allegation why a prior application had not been filed in that court (§ 2242) although it had judicial notice that such a prior petition had been filed and denied, National Fire Ins. Co. v. Thompson 281 U.S. 331, 336, 50 S.Ct. 288, 74 L.Ed. 881, and hence knew that the petition, if *before the court*, complied with that section and if *before me* could be amended, assuming I do not have the court's judicial knowledge of the prior petition. The dismissal of the application is not the summary disposition "as law and justice require" of Section 2243 supra.

I have a deep sympathy with that court for the annual scores of petitions for the writ, many merely repetitious and some perjured. This, however, is no ground for the sua sponte disposal of application for relief from unlawful imprisonment where the absence of counsel and argument have the results above described.

█ Petitioner now has presented to me an application in which he alleges the "new ground" of his compliance with Section 2255. He states that it is "supplemental to" his first application "and not a substitute therefor." In view of what has transpired this may encounter jurisdictional questions, which will be avoided if he amend it to read as an entirely new application and not a supplement to his first, adding the allegation required by Section 2242 that he is making the application to me because the district court failed to permit him to amend the application it dismissed.

If amended so as to commence a new and separate proceeding, it will receive my attention.