Dorothy HENNESEY, suing as a stockholder in the name and on behalf of Lanston Industries, Incorporated, Plaintiff,

v.

Bernard FEIN, Rosa B. Hirsh and Bernard Fein and Rosa B. Hirsh, as Trustees of the Fein Foundation and Lanston Industries, Incorporated, Defendants.

United States District Court
S. D. New York.
Nov. 13, 1958.

Buchman & Buchman, New York City, Abraham Buchman and Rubin Huffman, New York City, of counsel, for defendant Fein.

Royall, Koegel, Harris & Caskey, New York City, for defendant Lanston Industries, Justin W. D'Atri, New York City, of counsel.

RYAN, Chief Judge.

Plaintiff in this stockholder's suit brought under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S. C.A. § 78p(b), has moved for summary judgment.

Defendant, Bernard Fein, against whom recovery is sought for short-swing profits, has also moved for summary judgment dismissing the complaint.

Fein was Chairman of the Board and President of Lanston Industries. His sister, Rosa B. Hirsh, and he constituted the Trustees of defendant Fein Foundation.

The complaint herein alleges that on January 16, 1958, Fein purchased of Lanston Industries, 21,844 shares of its treasury common stock, thereby increasing his holdings to 41,922 shares of common. It also alleges that on the same day Fein Foundation purchased of Lanston Industries 1,002 shares of its treasury common stock.

Fein reported and disclosed these acquisitions in a "Form 4" report signed under date of February 10, 1958 and filed on February 11, 1958 with the Securities and Exchange Commission. The report stated that the transactions reported were with the issuer by private sale.

It is these transactions which plaintiff pleads as the purchases upon which statutory—Sec. 16(b)—liability is predicated.

Fein on May 22, 1958 filed with the Securities and Exchange Commission a further report on Form "4" disclosing that on April 2, 1958 he had sold 41,920 shares of Lanston common stock and that on the same day the Fein Foundation had sold 1,002 shares of Lanston common stock. It is these transactions which plaintiff pleads in her complaint as the sales upon which the statutory liability asserted is predicated.

The maximum statutory liability which in any event could arise from these transactions must be measured with the total share acquisitions of January 16, 1958 as the basis; or the profits, if any, derived from the dealings in a total of 22,846 shares.

It is urged by defendant Fein that no liability was incurred under Section 16 (b) because the transactions of January 16, 1958 did not constitute purchases within the statutes. This contention is premised upon the following facts.

Security-Columbian Banknote Company, on February 6, 1958, filed as plaintiff in this Court a derivative suit as a stockholder of Lanston Industries Incorporated (Civ. 129–311). Named as defendants, besides Lanston Industries, were Bernard Fein, Harry B. Leslie, Rensselair Clark and Ben Feit.

The files of this suit show it to be interrelated to the instant suit. While we are not bound to search records of other courts, we may take judicial notice of the records and files in this court in Security-Columbian Banknote Company v. Lanston Industries et al. (Civ. 129–311). We do so on these motions (cf. Freshman v. Atkins, 1925, 269 U.S. 121, 124, 46 S.Ct. 41, 70 L.Ed. 193; National Fire Ins. Co. v. Thompson, 1929, 281 U.S. 331, 336, 50 S.Ct. 288, 74 L.Ed. 881).

Security-Columbian Banknote moved for an order granting leave to move an amended complaint and permitting it to add Rosa B. Hirsh, and Bernard Fein and Rosa B. Hirsh, as Trustees of the Fein Foundation, as additional parties defendant. The motion was granted on consent. Leave to serve a further amended complaint was later given on March 13, 1958; it is this pleading which we examine.

Requisite averments of diversity jurisdiction are pleaded (cf. Smith v. Sperling, 1957, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205).

The amended complaint seeks equitable and injunctive relief, particularly with reference to action taken (or effect·

ing consummation of such action) at meetings of the Board of Directors of Lanston Industries held on January 3 and 27, 1958. All of the defendants named, save only Rosa B. Hirsh, are alleged to be and in fact were functioning as Directors.

The complaint prayed that all action taken at these meetings be set aside as illegal and invalid and that the defendants account to Lanston Industries. The complaint alleged that at the meeting of January 27, 1958 the defendants purported to authorize the acquisition by Lanston from defendant Fein, for a consideration consisting of 21,844 shares of the treasury stock of Lanston, of

16,600 shares of stock of Symington-Gould Corporation,

1,890 shares of stock of Wayne Pump Company,

125 shares of Capital Stock of American Telephone & Telegraph Company, and

200 shares of stock of R. J. Reynolds Tobacco Company,

and the acquisition by Lanston from the Fein Foundation for a consideration consisting of: 1,002 shares of treasury stock of Lanston; 900 shares of Symington-Gould Corporation; 105 shares of Wayne Pump Company.

We interrupt our examination of the complaint to observe that these identical transactions are alleged in the instant suit as the purchases violative of Section 16(b).

The complaint in Security-Columbian further alleged that these transactions were "improvident and wasteful of the assets of Lanston, and there was no proper consideration therefor," and further that "the fair value of the shares issued * * * by Lanston, pursuant to the purported authorizations * * *, substantially exceeds in value the fair market value of the shares acquired by it * * *."

The files show the suit of Security-Columbian to have been distinctly adversary, and sharply contested. An application made by Security-Columbian for a preliminary injunction was heard by Judge Dawson. Testimony was taken and factual findings made ample to sustain the granting of injunctive relief on February 21, 1958. It was found, in part that "there were issued to Mr. Fein and to the Fein Foundation * * * shares of stock of Lanston Industries with a market value in excess of the market value of the securities which were sold to Lanston Industries on this exchange" and further "that Mr. Bernard Fein was the principal responsible for these transactions * * * with the Fein Foundation and also the person principally representing the Lanston Industries, Incorporated in the transactions." The preliminary injunctive relief granted restrained Fein and the Fein Foundation from selling, transferring or voting any of the treasury stock acquired through purported authorizations of the questioned meetings of the Lanston directors.

The files also reveal that on March 24, 1958 Security-Columbian, Lanston Industries, Fein and Harry B. Leslie (who had been named a defendant in the Security-Columbian suit) entered into a "Settlement Agreement," which recited that it was the intention of all to conclude and settle "controversies between them and litigation to which one or more of them are parties" (which included the Security suit) and "to dispose of other controversies between the parties" (which referred to matters not to be adjudged in the Security suit). The agreement in addition to other provisions provided for discontinuance of the Security suit in this court, as well as discontinuance of a suit in this court filed by Fein et al. against Security-Columbian Banknote and of another suit pending between the same parties in the New York Supreme Court; and for the resignation of Fein as an officer and director of Lanston Industries. The agreement also provided that the minutes of the meeting of January 27, 1958 recording purported action authorizing the sale of treasury stock by Lanston Industries to Fein, Fein Foundation and

others be marked "Rescinded;" that the treasury stock issued to them under this alleged authorization be endorsed, and delivered and surrendered back to the corporation and that the corporation return and deliver to Fein, Fein Foundation and others the stock and securities which it had received from them. The agreement also provided for the adjustment and settlement of divers other matters in dispute which were not issues to be resolved in the Security-Columbian suit pending in this court. Not the least among these other matters provided for in the settlement agreement, was that employment contracts under which Fein and Leslie had been acting as the principal officers of Lanston were to be cancelled and that stock option contracts granted to them were to be surrendered and cancelled and that a cash payment of $110,250 was to be made by Lanston Industries to Fein and Leslie.

The settlement agreement was submitted to Judge Dawson on notice to Lanston stockholders under Rule 23 (F.R. Civ.P.) 28 U.S.C.A., for approval. After hearing, an order approving the settlement was entered and thereafter the agreement was consummated according to its terms.

The record of a hearing held on April 2, 1958 at which judicial approval was considered contains the following observation by Judge Dawson:

"In other words, there was a business arrangement made between Mr. Fein and Mr. Leslie and Lanston Industries and Security Columbian Banknote Company in the Settlement agreement which, while disposing of the litigation, also has other terms in it which were not involved in the litigation." (S.M. p. 458).

His remarks were directed particularly to the payment of $110,250 "to cancel a stock option or to cancel an employment, which are not in the lawsuit" (S.M. p. 453).

The order of Judge Dawson of April 2, 1958 approving the settlement agreement expressly provided that the authorization given to settle on the terms agreed "in no wise constitutes approval of any of the terms and conditions of the settlement as to issues not included in the verified amended complaint."

We find that the transactions alleged in the complaint herein as constituting both the purchase and sale upon which statutory Sec. 16(b) liability is alleged, were included in the issues and matters presented for determination by the pleadings in the Security-Columbian suit. We also find that the settlement of these claims bears judicial approval. We find that there is no evidence of any fraud in the process by which the terms of the settlement were reached and no allegation is now made by plaintiff in the instant suit alleging that the approved settlement was accomplished in fraud of Lanston Industries or its stockholders. Plaintiff has not in the Security-Columbian suit attempted to have the approved settlement set aside or vacated. With the consent of Lanston Industries and of Fein and Fein Foundation the purchases on January 16, 1958 of 21,844 shares of Lanston treasury common stock were cancelled and rescinded; the consideration given to Lanston at the time was returned; the treasury shares issued to Fein and Fein Foundation were endorsed and delivered by them to Lanston; and Lanston, Fein and Fein Foundation were all restored to the position they occupied prior to January 16, 1958 with neither profit nor gain accruing to any of them out of the transactions. There was in fact and in law a recision.

It also appears from the "Form 8 K" report filed by Lanston Industries with the Commission on May 9, 1958 that the $110,250 provided by the "Settlement Agreement" to be paid by Lanston Industries had been specifically allocated as a payment for the cancellation of the employment and stock option contracts with Fein and Leslie and that this amount had been paid one half to each of them. This report also disclosed that as part of the settlement Lanston Industries purchased for $15 per share

from Fein, Leslie and their associates 47,463 shares of Lanston Industries. This sale, which took place on April 2, 1958 included 20,078 shares of Lanston Industries, which Fein had owned for more than 2 years.

■■ We find no factual issue present in the instant suit. The sole question of law is whether the stock transactions had by Fein and Fein Foundation with Lanston Industries on January 16, 1958 were purchases within Section 16(b). We conclude that having been rescinded with judicial approval and with no fraudulent purpose to retroactively frustrate the statutory provisions, the stock transactions of January 16, 1958 were not purchases within Section 16(b). Judge Dawson's order of approval did not finally determine the ultimate question before us whether statutory—Section 16(b)—liability may not be predicated upon the stock transactions of January 16, 1958. With privity of interest of the parties, here present, it is *res judicata* that the settlement effected was binding upon Lanston Industries, all its stockholders and other parties to the Security-Columbian suit and that the stock transactions of January 16, 1958 were rescinded and cancelled—(cf. Stella v. Kaiser, 2 Cir., 1954, 218 F.2d 64).

Before liability is present under Section 16(b) there must be an actual purchase, and an actual sale within the statutory period resulting in a profit. Here there was no purchase within the statutory period.

The conclusion we have reached in this suit and under the circumstances present does not frustrate the purposes of the Statute. In fact, it seems to us that it operates to encourage voluntary restoration by those accused of wrongdoing in stockholders derivative suits; and in any event we do not hold that all consummated agreements to rescind afford a defense to Section 16(b) suits.

Plaintiff's motion is denied; defendant's motion is granted; settle order on notice.