## Karlavage Estate

*John H. Thomas*, for accountant.

*Floyd Yoskoski*, for Veterans Administration.

BOWE, P. J., February 1, 1965.—From the evidence submitted and the record in the matter, we find and decree as follows:

Peter Karlavage died on April 13, 1960, leaving an insolvent estate. Letters of administration were issued to Joseph Gulbinsky who died on December 8, 1963. Subsequently letters of administration de bonis non were issued to Anna Gulbinsky and her account is now here for audit.

Decedent died seized of real estate which was subject to a mortgage held by Citizens' National Bank and could not be sold for an amount sufficient to pay the mortgage of $1,380.13. The bank foreclosed on the mortgage to September term, 1961, no. 52.

The personal property listed in the inventory was appraised at $1,715 with which amount the accountant has charged herself. Credit is claimed for expenditures in the amount of $793.13 leaving a balance for distribution of $921.87.

There are four admittedly valid but unpaid claims as follows: Department of Public Welfare, liens November term, 1959, no. 354, and May term, 1949, no. 565, $1,646.64; Thomas Brothers Cleaners, debt, cleaning bill, $2.86; B. P. Swirsky Store, debt, food, $438.10; and United States Veterans Administration, default on loan guarantee, G. I. mortgage, $582.46. The total of the unpaid claims is $2,670.06 and the balance available for payment of the claims is only $921.87. The Veterans Administration, one of the unpaid claimants, suffered a loss after foreclosure on decedent's mortgage in the amount of $582.46. Counsel for the Veterans Administration has no objection to any of the other

credits claimed by accountant but contends that its claim for the deficiency, after sale of decedent's real estate at Sheriff's sale, is preferred over the other three general creditors including the Pennsylvania Department of Public Welfare. The Commonwealth claim is not entitled to a priority as it shares as a general creditor: Fiduciaries Act of 1949, P. L. 512, sec. 622, as amended.

The right of the United States does not rest on sovereign prerogative but is founded exclusively upon its statutes: Littlestown National Bank v. Penn Tile Works Co., 352 Pa. 239; Hatch v. Morasco Holding Co., Inc., 56 F. 2d 640. If the claimant is entitled to a preference it is based upon section 3466 of the Revised Statutes of the United States, 31 U. S. C. A. §191. This is the statutory authority cited by counsel for claimant in his brief which provides:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of a deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

There is no doubt that this statute gives the United States a priority as a creditor. It has been well established that the United States has priority over general creditors under the above Act of Congress for the payment of unpaid Federal income taxes: Kuhn's Estate, 146 Pa. Superior Ct. 1. In the present case the claim is admittedly due the Veterans Administration. We are not concerned with its validity but only whether it

is entitled to a preference as a "debt due the United States" under section 3466 R. S., supra. If it is so qualified, it is a preferred claim; if not, the Veterans Administration must share proportionately in the balance available for general creditors.

In order to determine what claims qualify as "debts due the United States" under section 3466 we must look to the cases involving claims of various agencies of the United States under this section. The Supreme Court of the United States in Nathanson v. National Labor Relations Board, 34 U. S. 25, 97 L. Ed. 23, in denying a priority to the National Labor Relations Board in a bankruptcy case, answered this identical problem as follows:

"We do not, however, agree with the lower court that this claim, enforceable by the Board, is a debt due to the United States within the meaning of R. S. Section 3466, 31 U.S.C. Section 191, and therefore entitled to priority under Section 64(a) (5) of the Bankruptcy Act. It does not follow that because the Board is an agency of the United States, any debt owed it is a debt owing the United States within the meaning of R. S. Section 3466. The priority granted by that statute was designed 'to secure an adequate public revenue to sustain the public burthens and discharge the public debts': see United States v. State Bank (U.S.) 6 Pet. 29, 35, 8 L. Ed. 308, 319. There is no function here of assuring the public revenue."

The orphans' court of this county, citing Nathanson v. National Labor Relations Board, supra, also denied a priority in a decedent's estate to the same Federal agency: Schwalm Estate, 4 Fiduc. Rep. 126. In Hall's Estate, 28 D. & C. 169, the court refused a priority to the Farm Credit Administration in spite of the contention that the money loaned to decedent was originally part of the United States treasury and would ultimately have to be repaid thereto.

518

We are of the opinion that allowance of the claim for the deficiency suffered as the result of the mortgage foreclosure cannot be considered as "securing an adequate public revenue to sustain the public burthens and discharge the public debt." It does not meet the test required by the Federal cases to be classified as a debt due the United States.

It clearly appears, therefore, and we find that the Veterans Administration's claim does not qualify as a "debt due the United States" under section 3466 of the Revised Statutes, supra.

The mortgagee, or its guarantor, having exhausted the security, must share with general creditors in order to recover any portion of its loss. All of the cases cited by claimant's counsel involved claims for unpaid income taxes and no one denies that the United States is entitled to a preference in such cases. These cases are not applicable to the claim here under consideration.

The balance of $921.87 should therefore be prorated among the four general creditors and we will accordingly enter an order so awarding it.

The account, statement of proposed distribution, testimony, etc., are hereto attached.

And now, February 1, 1965, the account is confirmed absolutely . . .