COM–SHARE, INC., a Michigan corporation, Plaintiff-Appellee,

v.

COMPUTER COMPLEX, INC., a Delaware Corporation, Defendant-Appellant.

No. 72–1035.

United States Court of Appeals, Sixth Circuit.

April 18, 1972.

Robert A. Hall, Houston, Tex., for defendant-appellant; Kennerly, Woodard & Hall, Houston, Tex., Miller, Canfield, Paddock & Stone, Detroit, Mich., on brief.

Donald S. Young, Detroit, Mich., for plaintiff-appellee; Dykema, Gossett, Spencer, Goodnow & Trigg, Mark H. Sutton, Detroit, Mich., Edward C. Terreri, Ann Arbor, Mich., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal under 28 U.S.C. § 1292(a) (1) from the order of the District Court granting a preliminary injunction.

A "Technical Exchange Agreement" was entered into by the parties on February 10, 1967. One of the provisions of this agreement was that neither party would lease, sell or otherwise divulge to any third party interest, without the prior written consent of the other, "any and all systems software developments supplied to it by the other." There was an express provision that "notwithstanding the expiration or termination of this agreement" the provision against unauthorized sale or divulgement would continue for a period of twenty-four months after such expiration or termination.

The exchange agreement was terminated November 30, 1970, by a document which made no reference to the provision against unauthorized sale or divulgement. Computer-Complex, Inc. thereafter entered into an agreement to sell substantially all its assets and goodwill relating to its computer time sharing operation to Tymshare, Inc., a California corporation.

After hearing several days of testimony, District Judge Talbot Smith granted a preliminary injunction restraining Computer-Complex, Inc. pending the final determination of this action and thereafter until November 1, 1972, from leasing, selling, transferring and further disclosing or otherwise divulging any of the systems software developments and technology supplied to it by Com-Share, Inc. pursuant to the Technical Exchange Agreement. Reference is made to the comprehensive opinion of Judge Smith, 338 F.Supp. 1229, for a more detailed recitation of the facts and issues.

The granting of a preliminary injunction pending final hearing on the merits is within the sound discretion of the District Judge. On appeal, the action of the District Judge in granting or denying a preliminary injunction will not be disturbed unless contrary to some rule of equity or the result of improvident exercise of judicial discretion. See Oliver v. School District of City of Kalamazoo, 448 F.2d 635 (6th Cir. 1971) and cases cited therein.

Upon a review of the entire record we hold that the granting of the preliminary injunction in the present case is not contrary to a rule of equity and does not constitute an improvident exercise of judicial discretion.

Affirmed.