**SECURITIES & EXCHANGE COMMIS-
SION, Plaintiff-Appellee,**

v.

**SENEX CORPORATION et
al., Defendants,**

**A. J. Jolly and the Mentor Corporation,
Defendants-Appellants.**

**No. 75–1656.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 12, 1975.

Decided May 7, 1976.

Charles G. Atkins, Goldman, Cole & Putnick, Cincinnati, Ohio, for defendants-appellants.

David P. Doherty, Asst. Director, S.E.C., A. Barry Morewitz, Lawrence E. Nerheim, David Ferber, Jacob Stillman, Thomas C. Devlin, Securities and Exchange Comm., Washington, D.C., for plaintiff-appellee.

Before PHILLIPS, Chief Circuit Judge, MILLER * and ENGEL, Circuit Judges.

PER CURIAM.

This is an appeal under 28 U.S.C. § 1292(a)(1) from an order of the district court preliminarily enjoining defendants Jolly and his wholly owned company, The Mentor Corporation, from violations of the anti-fraud provisions of the Securities Act

* Judge Miller concurred in this opinion prior to his death on April 12, 1976.

of 1933 and of the Securities Exchange Act of 1934.[1] A preliminary injunction was entered in enforcement proceedings brought by the Securities Exchange Commission charging Jolly, Mentor, and other named defendants[2] with violations of the Acts in connection with the offer and sale of $4,425,000 worth of revenue bonds issued by the City of Covington Health Care Project to finance the development and construction of a nursing facility for that community.

As in *Scott Paper Co. v. Gulf Coast Pulpwood Association, Inc.,* 491 F.2d 119 (5th Cir.1974), the "parties have briefed and argued this appeal, in general, as if it were from a final judgment on the merits." It is not.

■ The record reveals that the district judge expressly denied a defense motion under Rule 65(a)(2), Federal Rules of Civil Procedure, to consolidate the hearing on the application for preliminary injunction with a final hearing on the merits. While the hearing below was extensive, it was in no sense a final hearing and hence our role upon review is not to pass upon the final merits of the case, but rather whether the district judge abused his discretion in entering the order appealed from. As we stated in *Com-Share, Inc. v. Computer Complex, Inc.,* 458 F.2d 1341, 1342 (6th Cir.1972),

> "On appeal, the action of the District Judge in granting or denying a preliminary injunction will not be disturbed unless contrary to some rule of equity or the result of improvident exercise of judicial discretion."

■ The guidelines for the exercise of judicial discretion in granting or withholding preliminary injunctive relief, while variously stated, consist of four elements:

1) that a substantial question is at issue;

2) that there is a possibility of success on the merits;

3) that a balancing of injuries to the parties requires preliminary injunctive relief; and

4) that the public interest would be served by such preliminary relief.

*Ohio v. Callaway,* 497 F.2d 1235 (6th Cir. 1974); *American Federation of Musicians v. Stein,* 213 F.2d 679 (6th Cir.1954), see also, *Canal Authority v. Callaway,* 489 F.2d 567 (5th Cir.1974).

While each of the parties in the appeal would like us to reach an immutable decision in his favor, our review must necessarily recognize that, as observed by Judge Jerome Frank in *Hamilton Watch Co. v. Benrus Watch Co.,* 206 F.2d 738, 742 (2nd Cir.1953):

> "The judge's legal conclusions like his fact-findings, are subject to change after a full hearing and the opportunity for more mature deliberation. For a preliminary injunction—as indicated by the numerous more or less synonymous adjectives used to label it—is, by its very nature, interlocutory, tentative, provisional, ad interim, impermanent, mutable, not fixed or final or conclusive, characterized by its for-the-time-beingness."

■ Accordingly, we believe that we should abstain from any discussion of the merits lest our premature comments lead counsel or the trial court to accept as final that which may, upon full hearing prove to have been incorrect. *Brandeis Machinery & Supply Corp. v. Barber–Greene Co.,* 503 F.2d 503 (6th Cir.1974). It is sufficient for us to indicate at this stage that we have carefully reviewed the briefs and the record transmitted to use on appeal and from our examination thereof, find no abuse of discretion by the trial judge.

Affirmed.

1. Specifically, § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. 240.10b–5.

2. Defendant Thomas N. Street, Jr., also preliminarily enjoined by the district court, did not seek to appeal the order. Defendants Senex Corporation; Arthur Jay Tarley; Alison, Jay, Malcolm & Co. and BFT, Inc., acquiesced to a consent judgment of permanent injunction entered November 5, 1974.