OHIO CONTRACTORS ASSOCIATION et al., Plaintiffs-Appellants,

v.

The ECONOMIC DEVELOPMENT ADMINISTRATION et al., Defendants-Appellees.

No. 78–3053.

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1978.

Decided July 7, 1978.

Richard A. Frye, Roger L. Sabo, Knepper, White, Arter & Hadden, Columbus, Ohio, Edward D. Crocker, Arter & Hadden, Cleveland, Ohio, for plaintiffs-appellants.

James E. Rattan, U. S. Atty., Gerald F. Kaminski, Asst. U. S. Atty., Cincinnati, Ohio, David L. Rose, Gerald S. Hartman, Attys., Dept. of Justice, Washington, D. C., Robert S. Fastov, Dayle S. Ginsberg and Kenneth Oestreicher, Attys., Economic Development Adm., U. S. Dept. of Commerce, Washington, D. C., Brian K. Landsberg, Vincent F. O'Rourke, Jr., Appellate Section, Civ. Rights Div., Dept. of Justice, Washington, D. C., for federal defendants.

Thomas A. Luebbers, City Sol., Philip S. Olinger, Deputy City Sol., Cincinnati, Ohio, for City of Cincinnati.

Theodore M. Berry, Lynne Gellenbeck, Tobias & Kraus, Cincinnati, Ohio, Add. Counsel of Record.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

Plaintiff, the Ohio Contractors Association,[1] appeals from the order of the district court denying its motion for a preliminary injunction to prevent defendants Economic Development Administration, the City of Cincinnati, and Juanita Kreps, Secretary of Commerce, from complying with the provisions of the Public Works Employment Act of 1977 (hereinafter PWE Act), Pub.L.No.

---

1. Plaintiffs include the Ohio Contractors Association, Associated Contractors of Ohio, Inc., Pickney P. Brewer & Sons Co., William A. Brewer and Daniel R. Dugan.

95–28, 91 Stat. 116–21, 42 U.S.C. § 6705.[2] The PWE Act and the regulations promulgated thereunder require that ten percent of all federal funds authorized for specified public works projects be allocated to "minority business enterprises" as defined in 42 U.S.C. § 6705(f)(2).[3] Reference is made to the comprehensive opinion of District Judge Timothy Hogan for a recitation of pertinent facts and issues. *Ohio Contractors Association v. Economic Development Administration,* 452 F.Supp. 1013 (S.D.Ohio 1977).

■ The issue on appeal is whether the district court abused its discretion in declining to issue a preliminary injunction. Upon consideration of the arguments of counsel and a review of the record, we find no abuse of discretion and no error in applying the law.

■ Congress enacted the Local Public Works Capital Development and Investment Act of 1976 (hereinafter LPW Act), 42 U.S.C. § 6701 *et seq.* for the purpose of alleviating unemployment and stimulating the national economy by assisting state and local governments to undertake public works projects. *See* H.R.Rep. No. 94–1077, 94th Cong., 2d Sess. (1976), *reprinted in* 1976 U.S.Code Cong. & Admin.News 1946–47. Subsequently, Congress amended the LPW Act through enactment of the PWE Act.[4] Pursuant to grants authorized under these statutes, the City of Cincinnati commissioned twelve public works projects and required that primary contractors make a twelve percent minority business utilization commitment. Plaintiffs subsequently instituted this action for declaratory and injunctive relief to prevent defendants from enforcing the minority business enterprise provision with respect to the projects approved for Cincinnati.

The district court examined the evidence in accordance with the standards articulated by this court in *Marion County Medical Association v. Knebel,* 563 F.2d 256 (6th Cir. 1977) and concluded that a preliminary injunction should not issue. We conclude that the district court did not abuse its discretion in declining to issue a preliminary injunction. The Third Circuit reached the identical conclusion in *Constructors Association of Western Pennsylvania v. Kreps,* 573 F.2d 811 (3rd Cir. 1978), *aff'g,* 441 F.Supp. 936 (W.D.Pa.1977).[5]

Affirmed.

2. Plaintiffs challenged the constitutionality of section 103(f)(2) of the Act, 42 U.S.C. § 6705(f)(2) which provides:

> (2) Except to the extent that the Secretary determines otherwise, no grant shall be made under this chapter for any local public works project unless the applicant gives satisfactory assurance to the Secretary that at least 10 per centum of the amount of each grant shall be expended for minority business enterprises. For purposes of this paragraph, the term minority business enterprise means a business at least 50 per centum of which is owned by minority group members or, in case of a publicly owned business, at least 51 per centum of the stock of which is owned by minority group members. For the purposes of the preceding sentence, minority group members are citizens of the United States who are Negroes, Spanish-speaking, Orientals, Indians, Eskimos, and Aleuts.

Plaintiffs assert that this provision violates the Fifth and Fourteenth amendments and that actions taken by the City of Cincinnati to assure compliance with the PWE Act denied their right to equal protection of the law and to make and enforce contracts. Because of our holding with respect to the preliminary injunc-

tion, we find it unnecessary to reach this contention.

3. *See* note 2, *supra.*

4. For a comprehensive compilation of materials relating to the legislative history of the LPW and PWE Acts, see the appendices to the opinion in *Associated General Contractors of California v. Secretary of Commerce,* 441 F.Supp. 955, 972–1043 (C.D.Cal.1977), *U.S.App.Pndg.,* Nos. 77–1067, 1078, 1271. For a discussion of the legislative history of the Acts, see *Ohio Contractors Association v. Economic Development Administration, supra,* 452 F.Supp. 1013, 1024 (S.D.Ohio 1977).

5. Several district courts also have denied preliminary injunctions upon finding that plaintiffs were unlikely to succeed on the merits of their claims challenging the minority business enterprise provision of 42 U.S.C. § 6705(f)(2). *See, e. g., A. J. Raisch Paving Co. v. Kreps,* No. 77–2497 (N.D.Cal., Dec. 15, 1977), *appeal pndg.,* 9th Cir. No. 77–3977; *Associated General Contractors of America, Inc. v. Secretary of Commerce,* No. 77–8351 (S.D.Fla., Nov. 3, 1977); *General Building Contractors Association v. Kreps,* No. 77–3682 (E.D.Pa., Dec. 9, 1977).