**KINGS WHARF ISLAND ENTERPRISES, INC., and JOHN HOURIHAN, Plaintiffs**

**v.**

**ANN P. REHLAENDER, PATRICIA SIMMONS, ROBERT SIMMONS, MARK SPERBER, FRED SCHANTZ, and NEWCO, INC., Defendants**

Civ. No. 859/1995

**NEWCO, INC., Plaintiff**

**v.**

**JOHN HOURIHAN AND KINGS WHARF ISLAND ENTERPRISES, INC., Defendants**

Civ. No. 827/1995

Territorial Court of the Virgin Islands

Div. of St. Croix

January 17, 1996

ROSS, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on cross-motions for temporary restraining orders and preliminary injunctions of plaintiffs King's Wharf Island Enterprises, Inc. (hereinafter "KWIE") and John Hourihan in civil No. 859/1995 and plaintiff, NEWCO, Inc. in Civil No. 827/1995. A Temporary Restraining Order may be granted without written or oral notice to the adverse party. *F.R.Civ.P. 65(b)*. When a party applies for temporary restraining order but the adverse party had notice and was present and participated in hearing thereupon, the application would be treated as one for a preliminary injunction. *MLZ, Inc. V. Fourco Glass Co.* 470 F.Supp. 273.

Both parties in this instance, had notice of the actions filed against each other and participated in the hearing before this court. The motions for temporary restraining orders and preliminary injunctions were consolidated for a hearing that began on November 22, 1995 and was continued to December 20, 1995. During the hearing held on November 22, 1995, this court heard testimony from John Hourihan. The court heard testimony from Ann Rehlaender, Robert Simmons, Patricia Simmons and Charles F. Fischer on December 20, 1995. For reasons that will follow, King's Wharf Island Enterprise's Inc. and John Hourihan's Motion for Temporary Restraining Order and Preliminary Injunction will be denied and Newco, Inc.'s Motion for the same will be granted.

Credible evidence received established that John Hourihan and Ann Rehlaender are husband and wife. In October of 1994, John Hourihan began negotiations for the acquisition of "KWIE".

Newco, Inc., a holding corporation, was formed for this purpose. "KWIE" owns the lease on the premises housing the King Christian Hotel and various other businesses in Christiansted, St. Croix.

On March 3, 1995, John Hourihan was elected President of "KWIE" and Ann Rehlaender was made President of Newco, Inc. The initial Board of Directors of "KWIE" consisted of John Hourihan, Jeffrey R. Bacon, and Ann Rehlaender. The Board of Directors of Newco, Inc. at that time consisted of John Hourihan, Ann Rehlaender and Jeffrey R. Bacon. Ten thousand shares of Newco, Inc. stock was issued to Ann Rehlaender. Ann Rehlaender, accordingly, was the 100% record owner of Newco, Inc.

On March 6, 1995, John Hourihan and Ann Rehlaender guaranteed a loan from the First Virgin Islands Federal Savings Bank to Newco, Inc. to be used for the purchase of the capital stock of "KWIE". Newco, Inc. acquired 101 of 102 outstanding shares of "KWIE". The Estate of Robert Moss owns the remaining one (1) share.

On or about October 30, 1995, Ann Rehlaender received information that, in his attempt to manage "KWIE", John Hourihan had misappropriated funds of the corporation, failed to pay corporate bills as they came due, removed corporate cash receipts for his personal use, had rental checks made out to him personally, and lavishly entertained on the corporate account. In addition, John Hourihan failed to make required repairs to the corporate real property thereby risking cancellation of the lease of the King Christian Hotel,[1] and the loss of several rental clients.

Newco, Inc., through Ann Rehlaender, scheduled an "emergency meeting" of the shareholders of "KWIE", suspended John Hourihan as President of "KWIE" and further scheduled a later meeting of the shareholders for November 14, 1995.[2] Notice of the November 14, 1995 meeting was placed in the St. Croix Avis. No request for a meeting was made to Mr. Hourihan, the President of "KWIE", nor was notice of this meeting given to the minority shareholder, the Estate of Robert Moss, in the manner required by

---

[1] Pending before the Territorial Court is an eviction action filed by lessor, the Meyer Family Trust, against "KWIE" which remained unanswered at the time of this hearing.

[2] John Hourihan was notified of this action by facsimile.

the bylaws. The bylaws of the corporation require that notice be sent to all shareholders of record at their last known address.[3] Ann Rehlaender testified that she was not aware of the address of the Estate of Robert Moss and that no request for a meeting was made to John Hourihan, as any request to John Hourihan for a meeting would have been counter-productive.

On November 8, 1995, in reaction to the upcoming November 14 Shareholders meeting scheduled by Newco, Inc., John Hourihan distributed notice of a special meeting of the Board of Directors of "KWIE" to be held on November 13, 1995. Mr. Hourihan specified the purpose of this meeting as: to discuss the current status of the corporation; the recent actions of Ann Rehlaender; the possible filing for protection under Chapter 11 of the United States Bankruptcy laws; and any further business related to the corporation which, upon a majority vote of the directors, is deemed appropriate. During that meeting, John Hourihan and Jeffrey Bacon attended, Ann Rehlaender did not attend. The directors present resolved and appointed James J. Hourihan, Jr. and Kathleen Daley "to fill the vacancies on the Board of Directors." Additionally, the board resolved to pay John Hourihan a salary of $5,000.00 per month, retroactive to March 6, 1995; authorized the issuance of 296 shares of Class A common stock to John Hourihan, in consideration for his past acts of guaranteeing indebtedness to First Virgin Islands Federal Savings Bank — a guarantee given for the loan to Newco, Inc.; and terminated Patricia Simmons as the general manager of the King Christian Hotel.

At the "KWIE" Shareholders special meeting of November 14, 1995, called by Newco, Inc. The Estate of Robert Moss did not attend. Ann Rehlaender, acting on behalf of Newco, Inc. nominated and appointed herself, Patricia Simmons, Robert Simmons, Mark Sperber and Fred Schantz as the new Board of Directors of "KWIE" and thereat voted to permanently remove John Hourihan as president and director and to remove Jeffrey Bacon as vice-president and director of "KWIE".

Following these two meetings, both parties filed for temporary restraining orders and preliminary injunctions against each other.

---

[3] Bylaws of King's Wharf Island Enterprises, Inc. Article I, Section 2.

At the end of John Hourihan's testimony on November 22, 1995, with the concurrence of both sides and with the court's finding that a receiver was necessary, and pursuant to 13 V.I.C. § 341, Charles F. Fischer was appointed as a receiver of "KWIE" and all property, assets, rents, income or profits derived therefrom pending the outcome of this action. John Hourihan and Ann Rehlaender were directed to refrain from interfering with the affairs of the corporation and with each other.

## PRELIMINARY INJUNCTION

██ ██ The trial court may in its discretion grant or deny a preliminary injunction. *A.O.Smith Corp. v. F.T.C*, 530 F.2d 515, 525 (3rd Cir. 1976). The court must examine the following four factors: (1) the moving party must show a likelihood of success on the merits; (2) the moving party must produce evidence sufficient to convince the court that in the absence of the relief he will suffer irreparable injury; (3) that granting the relief will not result in greater harm to the non-moving party; and (4) that granting the relief will be in the public interest. *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1985); *Olmeda v. Schneider*, 889 F.Supp. 288, 231 (D.V.I. 1995). Each factor must be present. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d at 226. A strong showing of one factor, however," may affect the necessary showing with regard to another." *Olmeda*, 889 F.Supp at 231 (citing *Marxe v. Jackson*, 833 F.2d 1121, 1128 (3rd Cir. 1987). Moreover, courts have broad discretion to evaluate irreparability of alleged harm and to make determination regarding propriety of injunctive relief. *Wagner v. Taylor*, 836 F.2d 566. Thus, to show irreparable injury, it is not necessary to demonstrate that harm is inevitable or irreparable, rather movant need only show significant threat of injury from impending action, that injury is imminent and that money damages would not fully repair the harm. *Humana Inc. v. Avram A. Jackobson, M.D.* PA 894 F.2d 1390. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in its terms; and shall describe in reasonable detail, the acts sought to be restrained. *F.R.Civ.P. 65(d)*.

A. Success on the Merits

██ This court finds that Ann Rehlaender is the record owner of one hundred percent (100%) of the stock of Newco, Inc, which

owns 101 of 102 outstanding shares of "KWIE". The acts of John Hourihan enumerated heretofore were not in the best interest of the corporation. If John Hourihan is permitted to continue to act with management authority, grave and irreparable harm would come to the corporation. Newco, Inc. the majority shareholder of "KWIE" has a substantial likelihood of succeeding in gaining a permanent injunction against John Hourihan's mismanagement and misapplication of corporate funds and the removal of John Hourihan as the president and a director of "KWIE".

## B. Irreparable Injury

■ Likewise, plaintiff, Newco, Inc. as the 99% shareholder of "KWIE" has sufficiently demonstrated that it will suffer irreparable harm, namely, loss of business reputation and credibility in the community, and loss of the lease on the corporate real property, if injunctive relief is not immediately granted. The nature of the irreparable injury is peculiar and uncompensable by the mere payment of money. *ECRI*, 809 F.2d at 226. It is not in the best interest of King's Wharf Island Enterprises, Inc. that John Hourihan is permitted to continue in control of its corporate assets. Therefore, Newco, Inc. has satisfied this prong of the test.

## C. Balance of Interests

■ The harm that John Hourihan may suffer as a result of the granting of a preliminary injunction against him in this case must also be considered. *Olmeda v. Schneider*, 889 F.Supp 228, 223 (D.V.I. 1995). John Hourihan contends that Newco, Inc. belongs to him and that the capital stock of Newco, Inc. was only temporarily placed in the name of his wife, Ann Rehlaender, in an attempt to shield Newco, Inc. from his creditors. John Hourihan states that Ann Rehlaender knows nothing of hotel operation, that his restoration to the presidency of the corporation is indispensable to the operation of the hotel, and that if he is not restored to the presidency of "KWIE", King Christian Hotel may close its doors forever. From the credible evidence received, this court finds that the several acts of John Hourihan were not in the interest of the corporation and that the corporation is likely to suffer greater harm if his management and control is permitted to continue.

### D. Public Interest

■ The grant of a preliminary injunction enjoining the acts of John Hourihan is in the public interest. Evidence adduced here established that under his control and management, the King Christian Hotel was placed in danger of bankruptcy and other businesses associated with the "KWIE" were threatening to cease operating on the premises. It is not only in the interest of Newco, Inc. that this court grant a preliminary injunction against Mr. Hourihan, but it is in the public interest to ensure that the management of "KWIE" be properly maintained and the premises remain available for public use — they being an integral part of the St. Croix economy.

## APPOINTMENT OF A RECEIVER

The appointment of a receiver is a matter within the sound discretion of the court and is justified upon a showing that subject corporate property is in grave and imminent danger of dissipation. Each case must be decided upon its own conditions and circumstances. *Zinke-Smith, Inc. v. Marlowe,* 8 V.I. 240. The acts of John Hourihan amounted to waste and depletion of the corporate assets of "KWIE" which would continue unless John Hourihan was removed from his management responsibilities. Therefore, Charles F. Fischer was appointed as a receiver in this case.

This court finds that the acts taken by John Hourihan and Jeffrey Bacon at the Director's special meeting on November 13, 1995 were in direct violation of the corporation's bylaws. The bylaws of "KWIE" require that notice of a special meeting shall contain a statement of the business to be transacted thereat, and that no business other than that specified in the call for the meeting shall be transacted at any such special meeting.[4] Therefore, the resolutions of John Hourihan and Jeffrey Bacon to appoint James J. Hourihan, Jr. and Kathleen Daley "to fill the vacancies on the Board of Directors;" to pay John Hourihan a salary of $5,000.00 per month, retroactive to March 6, 1995; to authorize the issuance of 296 shares of Class A common stock to John Hourihan, in consideration for his past acts of guaranteeing indebtedness to First

---

[4] Bylaws of King's Wharf Island Enterprises, Inc., Article II, section 6.

29

Virgin Islands Federal Savings Bank a guarantee given for the loan to Newco, Inc.; and to terminate Patricia Simmons as the general manager of the King Christian Hotel is without effect.

■ The ultimate responsibility for the affairs of the corporation rests with the shareholders, accordingly, this court finds that the meeting called by Ann Rehlaender on behalf of Newco, Inc. on November 14, 1995, and the act of removing of John Hourihan and Jeffrey Bacon as officers and directors of the corporation would have been proper had the notice of such meeting been issued to the other shareholder in accordance with the bylaws or had the other shareholder attended. The minority shareholder of "KWIE", the Estate of Robert Moss, was not notified of such meeting in accordance with the bylaws of the corporation,[5] and the minority shareholder did not attend. Proper Notice of a shareholder's meeting to a minority shareholder is necessary for the protection of such shareholder's interest. For the foregoing reasons, it is hereby

ORDERED that King's Wharf Island Enterprises Inc. and John Hourihan's motion for Temporary Restraining Order and Preliminary Injunction against Ann P. Rehlaender, Patricia Simmons, Robert Simmons, Mark Sperber, Fred Schantz, and Newco, Inc. is DENIED;

ORDERED that Newco Inc.'s motion for Temporary Restraining Order and Preliminary Injunction against John Hourihan and King's Wharf Island Enterprises, Inc. is GRANTED, shall become effective upon the filing of a $50,000.00 surety bond, and thereupon, John Hourihan is enjoined and restrained from exercising dominion, control or management responsibility over the affairs of "KWIE" in any capacity whatsoever;

ORDERED that the resolutions issued from the "KWIE" Director's meeting on November 13, 1995, which: appointed James J. Hourihan, Jr. and Kathleen Daley "to fill the vacancies on the Board of Directors."; authorized a salary of $5,000.00 per month, retroactive to March 6, 1995, to John Hourihan; authorized the issuance of 296 shares of Class A common stock to John Hourihan

---

[5] The bylaws of King's Wharf Island Enterprises, Inc. require that notice be mailed to the shareholders' of record last known address, rather than publication in the St. Croix Avis as was done in this case.

as consideration for his past acts of guaranteeing indebtedness to First Virgin Islands Federal Savings Bank — a guarantee given for loan to Newco, Inc.; and terminated Patricia Simmons as the general manager of the King Christian Hotel were not based on the consideration of items specifically listed in the notice of the special meeting and are therefore NULL & VOID;

ORDERED that the resolutions issuing from the "KWIE" Shareholder's meeting on November 14, 1995, which: nominated and appointed Ann Rehlaender, Patricia Simmons, Robert Simmons, Mark Sperber and Fred Schantz as the new Board of Directors of "KWIE" and voted to permanently remove John Hourihan as president and director and Jeffrey Bacon as the vice-president and director of "KWIE" did not germinate from a properly notified meeting and are therefore NULL & VOID;

ORDERED that the receiver Charles F. Fisher appointed after the November 22, 1995 hearing before this court, shall continue to act in his appointed capacity as receiver to the corporation, until notified that a Shareholders' meeting of "KWIE" has appointed officers and directors in accordance with the bylaws of that corporation; and it is further

ORDERED that pursuant to 13 V.I.C. § 341, John Hourihan is removed as an officer and director of "KWIE" as of the date of this order and shall not exercise dominion, control or management responsibility over the affairs of "KWIE", or in any way handle its corporate assets.