**LIMAR ENTERPRISES, INC., ANGEL SUAREZ, Jr., GEORGE SUAREZ, LUZ S. de Highfield, ALICIA SUAREZ and JOSE LUIS SUAREZ and OTHERS SIMILARLY SITUATED, Plaintiffs**

v.

**GOVT. OF THE VIRGIN ISLANDS, DEPARTMENT OF FINANCE, GWENDOLYN ADAMS COMMISSIONER OF FINANCE, DAVID DENNER and LAURA RAY, Defendants**

Civ. No. 216/1996

Territorial Court of the Virgin Islands

Div. of St. Croix

March 25, 1996

ROSS, *Judge*

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on plaintiffs' motion for a temporary restraining order and preliminary injunction freezing the period of redemption that follows a real property delinquent tax sale for plaintiffs and other members of a class similarly situated, maintaining title to the property in plaintiff Limar Enterprises, Inc., waiving the statutory requirement for payment of taxes under protest to avoid penalties and interest, and any further relief that is just and proper.

For reasons hereinafter stated, plaintiffs' motion for a temporary restraining order and preliminary injunction will be denied.

Limar Enterprises, Inc. owns No. 59(a) and No. 60 Queen Street, Frederiksted, St. Croix, U.S. Virgin Islands, "the property", since 1991. The other named plaintiffs owned the property prior thereto. In 1993, plaintiffs were issued a notice of attachment for property and sewer taxes for 1990, 1991 and 1992. The notice indicated if all the taxes were not paid within the period provided for in Title 33 § 2496, the property would be sold at a public auction.

Plaintiffs allege that notwithstanding the provision of Title 33 section 2496, which provided for publication and sale for non-payment, the legislature passed a Tax Amnesty Program Act in January 1994, which provided that:

(1) The commissioner of finance shall, establish a 10 month amnesty period during which all interest and penalties for real property taxes owned for tax years prior to 1993 will be waived with respect to any real property taxpayer who voluntarily pays any real property tax bill required by law;

(2) Notwithstanding the provisions of Title 33 § 2495 *et seq.*, the Commissioner of Finance is authorized to publish the names

51

of all delinquent real property tax owners once during or within 15 working days immediately thereafter the amnesty period in a newspaper of general circulation,

Plaintiffs' claim that the Commissioner did not comply with the substantial requisite of the law by failing to publish the notice of a public auction within (or without) 15 working days of the end of the amnesty period as provided by the Amnesty Act, failing to publish as to all the delinquent property taxpayers, and selling some, but not all, of the delinquent properties for nonpayment of taxes. Thus, the Amnesty Act and consequently the rights of the parties whose property was improperly noticed and sold were violated.

**Legal Standard:**

A Temporary Restraining Order may be granted without written or oral notice to the adverse party. Fed. R. Civ. P. 65(b). When a party applies for a temporary Restraining Order but the adverse party had notice, the application would be treated as one for a preliminary injunction. *MLZ, Inc. v. Fourco Glass Co.* 470 F.Supp. 273. Plaintiffs have certified that the defendants were served with notice of this action, therefore, this motion will be considered as a motion for a preliminary injunction.

The trial court may in its discretion grant or deny a preliminary injunction. *A.O. Smith Corp. v. F.T.C.* 530 F.2d 515, 525 (3d Cir. 1976). The court must examine the following four factors: (1) the moving party must show a likelihood of success on the merits; (2) the moving party must produce evidence sufficient to convince the court that in the absence of the relief, he will suffer irreparable injury; (3) that granting the relief will not result in greater harm to the nonmoving party; and (4) that granting the relief will be in the public interest. *Doran v. Salem Inn, Inc.* 422 U.S. 922, 931 (1985); *Olmeda v. Schneider*, 889 F.Supp. 288, 231 (D.C.V.I. 1995). Each factor must be present. *ECRI v. McGraw-Hill, Inc.* 809 F.2d 226 (3d Cir. 1987). A strong showing of one factor, however, "may affect the necessary showing with regard to another." *Olmeda*, 889 F.Supp. at 231 citing *Marxe v. Jackson*, 833 F.2d 1121, 1128 (3d Cir. 1987). Moreover, courts have broad discretion to evaluate irreparability of alleged harm and to make determination regarding propriety of

injunctive relief. *Wagner v. Taylor*, 836 F.2d 566. Thus, to show irreparable injury, it is not necessary to demonstrate that harm is inevitable or irreparable, rather movant need only show significant threat of injury from impending action, that injury is imminent and that money damages would not fully repair the harm. *Humana Inc. v. Avram A. Jackobson, M.D.* 804 F.2d 1390 (5th Cir. 1986).

■■ In the absence of some positive provision of law to the contrary, injunction will not be granted in cases where there is a choice between ordinary processes of law and extraordinary remedy of injunction, and where remedy at law is sufficient to furnish injured party relief to which he is entitled under the circumstances. *Ricou v. International Paper Co.*, 177 F.Supp. 128. (1953). Injunctive relief is an unusual remedy available only in those instances in which the rights of the parties seeking relief are not otherwise adequately protected by ordinary legal processes. *Standard Brands, Inc. v. Zumpe*, 264 F.Supp. 254 (1967). *Humble Oil & Refining Company v. Harang*, 262 F.Supp. 39 (1966). When a party who seeks an injunction shows potential irreparable injury, he has established merely one essential condition for relief and he must demonstration in addition that there is a real danger that acts to be enjoined will occur, that under those circumstances, the court should exercise its discretion to afford the unusual relief provided for by the injunction. *Humble* at 42.

A. Success on the Merits.

If in fact the alleged violations exist, plaintiffs are likely to succeed on the merits. The parties allege: (1) that the notice required by the Amnesty Act was not timely given, and all delinquent properties were not listed at the same time in violation of the statute; and (2) they were denied equal protection of the law as the Commissioner published and sold some of the delinquent taxpayers' properties, including plaintiffs', but has not published nor sold the property of other delinquent taxpayers.

■ The court agrees with plaintiffs. Given the harsh effect of many tax sales on property owners, procedural requirements with respect to levy, collection of real estate taxes, and attachment and sale of real property because of nonpayment of taxes, should be

strictly followed. *Rivera v. Government of the Virgin Islands*, 13 V.I. 42. Where the government failed to prepare or publish delinquent tax list or properly serve notice of attachment, or to comply with various procedural requirements governing tax sale of property, delinquent taxpayers were entitled to recover property which was lost through irregular tax sale. *Rivera* at 51.

■ If in fact the Commissioner of Finance in this instance, did substantially fail to comply with the statutory requirement for notice and sale of property for nonpayment of taxes, plaintiffs are likely to succeeded in invalidating the sale of their property.

B. Irreparable Injury

■ Plaintiffs allege that if the redemption period is not stayed, they will be irreparably harmed. This court disagrees. The law is that upon the government's failure to follow the statutory requirement governing tax sale of property, delinquent taxpayers are entitled to recover property which was lost through irregular tax sale. 33 V.I.C. §§ 2496, 2541. Thus, plaintiffs have a remedy at law.

In the absence of some positive provision of law to the contrary, injunction will not be granted in cases where there is a choice between ordinary processes of law and the extraordinary remedy of injunction, and where remedy at law is sufficient to furnish the injured party relief to which he is entitled under the circumstances. *Ricou v. International Paper Co.*, 177 F.Supp. 128 (1953).

C. Balance of Interests

■ On balance, if in fact this injunction is granted against the government in this case, the government will lose the normal flow of revenue from the class. Plaintiffs' interest would not be affected, for if the sale is voidable, plaintiffs regain their property.

D. Public Interest

■ It is in the public interest to permit the government to continue to collect taxes under the statutory scheme so that the fiscal affairs not be unduly impacted by a shortfall of revenues as would result if an injunction herein was granted.

Based on the foregoing, the court finds that though plaintiffs have a likelihood of success on the merits for a permanent

injunction, they otherwise have an adequate remedy at law for the Commissioner's failure to comply with the statutory requirement of publication and sale. Accordingly, it is hereby

ORDERED that plaintiffs' motion for a temporary restraining order and preliminary injunction is DENIED.