**LUCAS COUNTY DEMOCRATIC PARTY, et al. Plaintiffs**

v.

**J. Kenneth BLACKWELL, Defendant**

**No. 3:04CV7646.**

United States District Court,
N.D. Ohio,
Western Division.

Oct. 21, 2004.

cratic Party, The Ohio Democratic Party, Plaintiffs.

Richard G. Lillie, Gretchen A. Holderman, Benesch Friedlander Coplan & Aronoff, Cleveland, OH, for J. Kenneth Blackwell, Defendant.

Truman A. Greenwood, Spengler Nathanson, Toledo, OH, for Gregory L. Arnold, Glenn A. Wolfe, Thomas W. Noe, Intervenors.

## ORDER

CARR, District Judge.

This is a suit by organizations challenging a memorandum issued by the defendant, J. Kenneth Blackwell, Ohio's Secretary of State and, in that capacity, Ohio's chief election officer. Plaintiffs claim that the memorandum issued by Blackwell contravenes provisions of the Help America Vote Act, Pub.L. 107–252, Title III, § 302, 116 Stat. 1706 (codified at 42 U.S.C. § 15301, et seq.) (HAVA) and the National Voter Registration Act of 1993, Pub.L. 103–31, § 2, 107 Stat. 77 (codified at 42 U.S.C. §§ 1973gg to 1973gg–10) (NVRA).

Pending is plaintiffs' motion for preliminary injunction. For the reasons that follow, I will, *sua sponte,* deny the plaintiffs' motion.

### Background

This case involves box 10 on Ohio's voter registration form when a prospective voter registers in person. Box 10 reads "Ohio driver's license No. OR last 4 digits of Social Security No. (required)." The instructions section of the form informs an in-person registrant that "[i]f you have a current valid Ohio driver's license, you must provide that number on line 10. If you do not have an Ohio driver's license, you must provide the *last four digits* of your social security number on line 10." (Emphasis in original).

Fritz Byers, Richard M. Kerger, Kerger & Kerger, Stephen D. Hartman, Kerger & Kerger, Toledo, OH, Michael P. O'Grady, Columbus, OH, for Lucas County Demo-

In December, 2003, defendant issued a memorandum to all Ohio County Board of Elections informing them how to process voter registration forms. In his memorandum, defendant informed the Boards that, if a person who registered in person left box 10 blank, the Boards were not to process the registration forms. If, however, box 10 was completed with an answer of "none," the Boards were to process the registrations.

Pending is plaintiffs' motion for a preliminary injunction. In their motion, plaintiffs seek an order:

> Declaring that Defendant's policy of not processing all voter registration applications submitted to state offices in person on which Box 10 has not been completed violates the NVRA and is not compelled by HAVA;

> [R]equiring Defendant to direct Ohio County Boards of Elections (i) to process in-person voter registration applications on which Box 10 has not been completed, and to treat as eligible to vote in the November 2, 2004 election all Ohio citizens whose in-person applications have been rejected under the Defendant's Box 10 policy prior to the date of the order, and (ii) going forward, to process in-person voter registration applications submitted after the date of the order on which Box 10 is not completed.

(Doc 1).

While defendant issued his memorandum in December of last year, plaintiffs did not file their suit until Friday, October 15, 2004—only eighteen days before the November 2, 2004, national election. Plaintiffs have not explained why they delayed filing their suit, which challenges a memorandum issued nearly eleven months before the election.

## Analysis

### A. Injunctive Relief is Not Appropriate

In reviewing a request for a preliminary injunction, I must consider four factors: 1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; 2) whether the party seeking the injunction will suffer irreparable harm without the injunction; 3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the injunction. *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998); *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir.1994); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir.1985). These are factors to be balanced; they are not prerequisites that must be met. *Washington*, 35 F.3d at 1099.

On consideration of these factors, I conclude that the plaintiffs are not entitled to injunctive relief.

First and foremost, there is not enough time between now and the election to develop the evidentiary record necessary to determine if the plaintiffs are likely to succeed on the merits of their claim. There are different plausible reasons why someone would not complete box 10, even though the text in the box indicates that the information is *required*. For example, a prospective voter may feel that they do not want to share a numerical identifier on the form. Such a person, under HAVA, could not properly register. 42 U.S.C. § 15483(a)(5). However, if a person leaves the box blank because they do not have a numerical identifier, they should be registered to vote and given a voter identification number. *Id.*

Secretary Blackwell, the plaintiffs' agree, has told the County Boards to register persons who indicate "none" in box 10. By writing "none," these people indicate to the County Boards that they in fact do not have the appropriate numerical identifier. At the Secretary's direction, the Boards, properly, then register such a person to vote.

The problem is that a person who does not indicate why he or she left box 10 blank may either be refusing to provide the information or may not actually have a proper number assigned to him or her. There simply is no time to develop the factual record before the election to determine why people did not complete box 10 in spite of the clear indication on the form that the information was required. While there may be merit to the plaintiffs' contention that the form is not clear, they cannot meet their burden of showing that they are likely to succeed on the merits because, if in fact people are leaving the boxes blank because they did not want to provide the information, they should not be registered to vote.

Plaintiffs' further contend that people who registered to vote in-person and who did not have a numerical identifier as required by box 10 assigned to them may have been misdirected by the person from whom they obtained the form to not include the information. However, based solely on the plaintiffs' conjecture that in-person registrants were misdirected, it would be improper for me to order County Boards now to register people to vote who, in fact, may not be properly entitled to be registered under HAVA. It may be that some in-person registrants did not complete box 10 out of carelessness or even a deliberate decision not to provide the information.

Further, there is no indication of whether any County Boards, other than the Lucas County Election Board,[1] have retained any such forms. Likewise, there is not sufficient time to complete discovery to determine if the other eighty-seven counties in Ohio have acted as Lucas County has in retaining incorrectly completed forms.

My denying plaintiffs' motion will cause them to suffer no irreparable harm. Simply put, there is no appropriate remedy available to the plaintiffs at this time. I cannot order County Boards to register people to vote who may have overlooked or intentionally disregarded their obligation to provide information that they did in fact have when completing the voter registration form. There is no way of finding out between now and the election whether any persons who were entitled to be registered were not registered, or, alternatively, whether persons who failed to complete box 10 did so because they did not have a driver's license or social security number, and thus were entitled to vote, but were either misinformed or misapprehended the meaning of the term "required" on the form.

The likelihood that plaintiffs could show irreparable harm is, in any event, slight in view of the fact that they have waited so long before filing suit and seeking injunctive relief. *See, e.g., MLZ, Inc. v. Fourco Glass Co.,* 470 F.Supp. 273, 277 (E.D.Tenn. 1978) ("The plaintiffs' calculated delay in seeking injunctive relief from this Court . . . is not indicative of their present claim of irreparable injury.").

Moreover, it would be entirely improper, and substantially disruptive of the election process and its orderly administration for me to order Ohio's County Boards to re-

---

1. *See* Exhibit A, Declaration of Paula Hicks–Hudson, Director of the Lucas County Board of Elections; attached to Plaintiffs' Motion for Preliminary Injunction.

open in-person registration from now until election day. Doing so would require me to override the requirement of Ohio's election law that an individual be registered to vote for thirty days before an election. O.R.C. § 3503.06. That requirement serves and promotes orderly administration of elections. In addition, it enables election officials to verify information, including the driver's license and social security numbers of persons who have registered, thereby avoiding fraud.

The public interest would be ill-served by an injunction at this time.

### Conclusion

Plaintiffs had ample notice about the alleged problem with box 10 to have seek judicial relief long before they did. It is, therefore,

ORDERED THAT:

1. Plaintiffs' motion for a preliminary injunction be, and the same hereby is, denied *sua sponte;*

2. The clerk shall set this case for a case management conference; and

3. The deadline for the defendant to answer or otherwise plead be, and the same hereby is extended *sua sponte* until November 30, 2004.